415 So.2d 339 (1982)
B. R. EMORY, et al., Plaintiffs-Appellees,
v.
David Lee GARDNER, Defendant-Appellee.
No. 14898.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
*340 Shotwell, Brown & Sperry by George Wear, Jr., Monroe, for plaintiff-appellee.
Kostelka, Swearingen & Street by C. Daniel Street, Monroe, for defendant-appellee.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for plaintiff-in-rule-appellant.
Before HALL, MARVIN and NORRIS, JJ.
NORRIS, Judge.
In this proceeding, a court appointed surveyor appeals the trial court's sustaining of an exception of res judicata to a petition seeking a rule nisi to have his expert witness fee fixed for services rendered in connection with a boundary action.
On May 15, 1978, B. R. Emory and others claiming to be owners of certain immovable property located in Ouachita Parish, Louisiana, filed a Petition to be Restored to Possession and to Fix Boundary against David Lee Gardner. Attached to the petition was an order appointing V. A. Hubka, a registered land surveyor, to survey the property in question. Further contained within that order was the provision that the fee of the surveyor be taxed as cost. On September 26, 1978, counsel for the parties filed a joint motion and order to have the formerly appointed surveyor removed and James R. McCoy appointed in his stead. Thereafter, the case was fixed for trial and tried on June 19, 1979.
On July 9, 1979, the trial court rendered written reasons for judgment. Included within those written reasons is the following applicable language:
* * * * * *
The Court-appointed surveyor resurveyed the line and prepared a plat, which is in evidence, showing that the correct line is as contended by Gardner. This plat also shows the "Emory" fence line which is still quite visible.
* * * * * *
Judgment is rendered in favor of Plaintiffs as prayed for except that the cost of the Court-appointed surveyor is to be divided between the parties.
* * * * * *
The Court regards the surveyor's statement, which was placed in the record, to be excessive and will schedule a hearing to consider the fixing of his fee. Counsels are to present evidence as to the value of his services.
Subsequently, on August 1, 1980, the trial court signed a written judgment which contained the following pertinent provision:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of these proceedings, except the fee of the court appointed surveyor, are awarded in favor of Plaintiffs, and against Defendant. The fee of the court appointed surveyor is hereby fixed at FIVE HUNDRED AND NO/100 DOLLARS, half of which is to be paid by Plaintiffs, and half of which is to be paid by Defendant.
Subsequently, on August 7, 1980, a motion for new trial was filed by plaintiffs limited to that portion of the trial court's judgment dividing the cost of the court appointed surveyor between the parties. This motion was heard on November 17, 1980, and on November 19, 1980, the court in written reasons denied the motion stating that "The court felt it necessary to appoint its own surveyor to confirm or deny the finding of the defendant's surveyor."
*341 No appeal was taken from the judgment, and that judgment became final prior to July 13, 1981. There is nothing of record to show that the court appointed surveyor, James McCoy was ever given notice of judgment, nor is there anything of record reflecting that any type of hearing was held by the court regarding the fixing of his fee.
On July 13, 1981, McCoy filed a petition seeking the issuance of a Rule Nisi directed to all parties ordering them to show cause why petitioner's fee and expense in the amount of $6,627.50 should not be fixed as costs herein and paid according to law.
On November 9, 1981, defendants in rule filed peremptory exceptions of res judicata contending that in the judgment of August 1, 1980, the fee of plaintiff in rule was fixed by the Court in the amount of $500, and that no appeal was taken from this judgment making it final. It was further contended that when the court fixed the fee, it had before it the bill of plaintiff in rule as well as the bill of the surveyor who initially surveyed the property for defendant Gardner when he purchased it. It was further contended that the issue had already been decided by the court, no appeal had been taken, and the judgment had become final thereby causing the judgment to have acquired the authority of the thing adjudged, making it res judicata.
After a hearing on this exception, the court ruled in favor of exceptors. It is from this judgment[1] that McCoy appeals assigning only one error, the trial judge's sustaining of the Exceptions of Res Judicata.
It is the contention of McCoy that the judgment rendered as between the original parties is not res judicata as to appellant because he was not a party to that judgment.
Louisiana Civil Code Article 2286 contains the applicable law relating to res judicata. It provides:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The Louisiana Supreme Court in Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La. 1978) stated as follows:
See 51 Tul.L.Rev. 611 (1977); Maloney, Preclusion Devices in Louisiana; Collateral Estoppel, 35 La.L.Rev. 158 (1974). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of "cause" and (3) an identity of the thing demanded. C.C. 2285-2287, 3556(31); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974). The absence of any of these identities is fatal to a plea of res judicata.

There exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same "quality" as parties. See Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965); 2 Planiol, Traite Elementaire de Droit Civil, No. 54A(4) at 35-36 (11th ed. La. State L.Inst. trans. 1959). (Emphasis added.)
Furthermore, because res judicata is stricti juris, a second suit is not barred where there is any doubt about the applicability of Article 2286. Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974).
Any doubt as to the concurrence of identities must be resolved in favor of maintaining the action. Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965). This identity of parties refers not to physical identity but to identity of "quality." See John A. Dixon, Jr., et al, "Res Judicata in Louisiana since Hope v. Madison," 51 Tul.L.Rev. 611 (1976).
*342 Applying the foregoing to the instant case, we conclude that McCoy was not a party to this litigation. He was a court-appointed surveyor; therefore, he became an officer of the court from the time of his qualification until the rendition of the final judgment in this case. La.Code of Civil Procedure Art. 373.[2] Appellees' argument that McCoy was a party to the lawsuit is clearly without merit.
We also find that in this case that the object of the demand in the petition filed by McCoy differs from the object of the demand in the earlier petition filed by the original plaintiffs. The Louisiana Supreme Court has equated "object of the demand" with the kind of relief sought in Quarles v. Lewis,[3] 226 La. 76, 75 So.2d 14 (1954). Quarles states the general rule that:
... res adjudicata can not apply when the demand is not the same as that previously made, even though it might have been asserted in the original action.
In Grain Dealers Mutual Ins. Co. v. Hardware Dealers Mutual Fire Ins. Co., 196 So.2d 650 (La.App. 1st Cir. 1967), the appellate court reversed the sustaining of an exception of res judicata in a case where one insurer sued another insurer for costs in a subsequent action after the court held that the costs of the earlier suit in which both parties were defendants should be paid equally between them. The issue presented to the court was whether or not the provision of the earlier judgment pertaining to costs was final and determinative of the issue between the parties. In concluding that it was not final and determinative, the court stated:
It has been repeatedly held that the formula contained in the above article is stricti juris and each element of the formula must be present in order to maintain a plea of res judicata. Lafayette Memorial Park, Inc., v. Trinity Universal Insurance Co., La.App., 191 So.2d 318; Durmeyer v. Steiffer, 215 La. 585, 41 So.2d 226; Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Shell Oil Co. v. Texas Gas Transmission Corp., La.App., 176 So.2d 692. That formula requires there must be identity in the two suits as to the thing demanded, the cause of action, and the parties involved. The present action does not involve the same parties. There has been a complete realignment in the position of litigation between the two parties involved herein. The cause of action in the prior suit was one on tort and insurance coverage. In addition, the object of demand here is totally different from that of the plaintiffs in the prior suit. Accordingly, the exception of res judicata must fall.
That analysis is equally applicable to the instant situation and bolsters our conclusion that the trial court was clearly wrong in sustaining the exceptions of res judicata. The cause of action in the original suit is an action to fix a boundary. The cause of action in McCoy's petition against the plaintiffs and the defendant in the original suit is to fix a reasonable fee for the surveyor. Thus, there is presented to the court in this instance a complete realignment of parties as well as a different identity of the thing demanded. Because all of the requisite elements of res judicata are not present, the exception must be overruled.
Accordingly and for the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered overruling the exceptions of res judicata and remanding this matter to the trial court for proceedings consistent with this opinion. Costs of this appeal are cast against appellees.
REVERSED, RENDERED, and REMANDED.
NOTES
[1] This matter was earlier before this court on a motion to dismiss appeal which was denied.
[2] La.Code of Civil Procedure Art. 373 provides as follows:

An expert appointed by a trial court to assist it in the adjudication of a case in which his special skill and knowledge may aid the court is an officer of the court from the time of his qualification until the rendition of final judgment in the case.
[3] We note that Quarles v. Lewis has been overruled by Ugulano v. Allstate Ins. Co., 367 So.2d 6 (1978) only to the extent that it recognizes collateral estoppel as applying in Louisiana.