CHEHARDY, Chief Judge.
This is the second appeal arising out of a suit on a contract for landscaping services. Clover Contractors, Inc., appeals a judgment that dismissed its reconventional demand against Erik Perrin, d/b/a Perrin’s Landscaping, on the ground of res judicata.
Clover, as the general contractor to build the E-911 Building in Jefferson Parish, subcontracted with Perrin to landscape the building’s grounds. The Parish of Jefferson was dissatisfied with the landscaping and refused to pay Clover for it. Clover then refused to pay Perrin and hired another landscaper to complete the job. Perrin recorded a lien against the property, filed suit to recover under his subcontract, and won judgment in his favor for $1,700.
The judgment on the main demand was amended by this court on a previous appeal. We concluded Perrin had not proven substantial performance of the contract and, therefore, was entitled to recover only $535 under quantum meruit. Erik Perrin v. Clover Contractors, Inc. et al, No. 85-CA-365, October 10, 1985 (Not Designated for Publication). The Supreme Court denied writs and the judgment became final.
Clover then pursued its reconventional demand against Perrin, in which it sought attorney’s fees and consequential damages for Perrin’s breach of contract. On the morning the case was set for trial, Perrin filed an exception of res judicata, asserting the issues presented in the reconventional demand had been the subject of the prior appeal. Clover attempted to proffer evidence on its demand. The trial judge granted the exception, dismissing the re-conventional demand, and struck Clover’s proffer. In granting the exception, the judge stated that the reconventional demand had been considered by this court on the prior appeal in assessing the amount due to Perrin on the main demand.
Clover argues that the reconventional demand is not res judicata because it was not heard at the trial on the main demand. (Perrin’s attorney had objected to simultaneous trial of the reconventional demand because it had not undergone formal citation and service.) In addition, Clover contends the issues raised by the reconventional demand and the postures of the parties therein differ from those of the main demand.
We conclude the trial court erred in applying res judicata. LSA-R.S. 13:4231 (formerly LSA-C.C. art. 2286) states:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
We are required to interpret the doctrine of res judicata strictly and may not apply it where there is any doubt. Emory v. Gardner, 415 So.2d 339 (La.App. 2 Cir.1982).
We find res judicata is not applicable here. First, the “thing demanded” in the original suit and the reconventional demand are different, as are the causes of action. Secondly, the record is clear that the parties did not intend to try the recon-ventional demand at the first trial because issue had not been joined. Any evidence adduced at that time regarding Clover’s consequential damages was directed to establishing Perrin’s failure to substantially perform the contract rather than to proving the damages claimed under the recon-ventional demand.
We agree, however, that this court’s opinion on the first appeal disposed of at least a portion of the reconventional demand. To arrive at the amount due Perrin under quantum meruit ($535), we offset the original contract price ($1,770) against the amount Clover paid a second landscaper to *141 remedy the defects ($1,235). Because of the offset, Clover is out-of-pocket no more money than it would have been had Perrin completed the landscaping satisfactorily; Clover cannot be said to have been damaged by payment to the second landscaper.
Clover is entitled, however, to recover the charges for additional work done by its employees to prepare the site for the substitute landscape work. Although its attempt to introduce evidence at the second trial was stymied by the trial judge, Clover stipulates it is willing to have this court rule on the available evidence because remand for a third trial would be economically unfeasible. The evidence established that Clover expended $311.76 for two laborers and two loads of fill to prepare the site for the second landscaping contractor.
Clover bases its claim for attorney’s fees on Section (b) of Article 12 of the subcontract agreement:
“In the event the said Contractor is put to any unnecessary expense or suffers loss or damage on account of the said Subcontractor’s failure to comply faithfully with this Agreement, the said Subcontractor hereby accepts liability for such costs and expenses, including attorney’s fees and collection costs.”
It is now the law of the case that Perrin breached the subcontract. Clover’s attorney’s fees to the date of trial were $4,080.43, but it would be inequitable to allow the full amount, for a large portion of the charges must be attributed to Per-rin’s suit against Clover rather than to Clover’s attempts to recover its additional expenses. The trial judge did not allow testimony breaking down the attorney’s charges on an hourly basis. Accordingly, we conclude a reasonable fee for prosecution of the reconventional demand, including this appeal, is $1,500.
For the foregoing reasons, the judgment of the district court is reversed. Judgment is hereby rendered in favor of Clover Contractors, Inc., and against Eric Perrin, d/b/a Perrin’s Landscaping, in the amount of $311.76, plus attorney’s fees in the amount of $1,500, and for the costs of this appeal.
REVERSED AND RENDERED.