740 So.2d 268 (1999)
Frank E. THURSTON, Plaintiff-Appellee,
v.
Betty Jo Spruell THURSTON, Defendant-Appellant.
No. 31,895-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1999.
Cook, Yancey, King & Galloway by Curtis R. Shelton, Shreveport, Counsel for Appellant.
William H. Ledbetter, Jr., Borrier City, Counsel for Appellee.
Before NORRIS, C.J., and WILLIAMS, GASKINS, CARAWAY and KOSTELKA, JJ.
GASKINS, Judge.
In this action for partition of community property, the defendant, Betty Jo Spruell Thurston, appeals a judgment in favor of the plaintiff, Frank Thurston, sustaining his exception of res judicata. The district court found that the thing demanded in the prior and current lawsuits was the same, and dismissed the defendant's claim for partition of the plaintiff's retirement benefits. We affirm.

FACTS
In September 1980, Mr. Thurston filed a petition for separation from his wife, Mrs. Thurston. Subsequently, a judgment of separation was rendered recognizing their ownership of one-half interest in the community of acquets and gains previously existing between the parties. They agreed to a community property settlement in which Mrs. Thurston received an interest in two parcels of real estate, a vehicle, and *269 her personal belongings; she also assumed a debt secured by a mortgage on the real property. Mr. Thurston received a vehicle and his personal belongings; he likewise assumed a debt.
The partition of community property included a provision by which the parties stipulated that both would own an undivided interest in any property not specifically mentioned therein. With respect to such property, each party reserved the right to sue for partition. In November 1980, the parties obtained a judgment of divorce.
Approximately one month later, Mrs. Thurston filed a petition alleging that during the marriage Mr. Thurston had contributed community earnings to a retirement plan, and that the amount of such funds was not included in the property settlement. Mrs. Thurston sought to partition her interest in Mr. Thurston's retirement by requesting the sum of one-half of all funds contributed and accumulated in the retirement system as of September 1980, the filing date of the petition for separation. Mr. Thurston filed an answer and reconventional demand, alleging that the contributions to his retirement fund were omitted from the partition agreement by mutual mistake, and that the agreement should be rescinded on the grounds of lesion beyond moiety, due to a difference of more than one-fourth in the value of the portions received by each party. On January 16, 1981, the parties filed a motion to dismiss, with prejudice, Mrs. Thurston's petition and Mr. Thurston's reconventional demand. The district court granted the motion, dismissing "with prejudice" the respective demands of the parties.
Sixteen years later, in February 1997, Mrs. Thurston filed a "Supplemental Petition" alleging that Mr. Thurston had retired and was receiving monthly retirement payments. She styled her request for an interest in Mr. Thurston's retirement as a claim for one-half of the retirement benefits which he has received since the termination of the former community of acquets and gains.
Subsequently, Mr. Thurston filed a peremptory exception of res judicata. After a hearing on June 30, 1998, the district court sustained the peremptory exception, finding a sufficient identity of the thing demanded in the two lawsuits. Mrs. Thurston appeals the judgment dismissing her claims.

LAW
The exception of res judicata is currently governed by La. R.S. 13:4231. This statute became effective on January 1, 1991, and applies to all civil actions filed on or after that date. The preclusive authority of a judgment rendered in an action filed before January 1, 1991, shall be determined by the law in effect prior to that date. Acts 1990, No. 521, § 5. Thus, the law of res judicata applicable to the present case is set forth in former La. C.C. art. 2286:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and ... in the same quality.
For res judicata to apply, there must be 1) an identity of the parties; 2) an identity of "cause;" and 3) an identity of the thing demanded. Emory v. Gardner, 415 So.2d 339 (La.App. 2d Cir.1982); Greer v. State, 616 So.2d 811 (La.App. 2d Cir.1993). The words "cause of action" as used in the statute are to be interpreted to mean "cause." The civilian concept of cause is the juridical or material fact which is the basis of the right claimed, or the defense pleaded. Mitchell v. Bertolla, 340 So.2d 287 (La.1976). The "thing demanded" has been defined as the "kind of relief sought." Greer v. State, supra.
The doctrine of res judicata is strictly construed. Any doubt regarding compliance with its requirements is to be resolved in favor of maintaining the plaintiff's *270 action. Greer v. State, supra; Emory v. Gardner, supra. The party urging the exception of res judicata has the burden of proving each essential element by a preponderance of the evidence. Greer, supra; Terrebonne v. Theriot, 94-1632 (La. App. 1st Cir. 6/23/95), 657 So.2d 1358. The absence of any of these requisite elements is fatal to a plea of res judicata. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978).
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. La. C.C.P. 1673.

DISCUSSION
Mrs. Thurston contends the district court erred in sustaining Mr. Thurston's peremptory exception of res judicata. She argues that the relief sought in her prior suit is not identical to her present petition seeking a percentage of the retirement benefits being paid to Mr. Thurston.
In both of the suits, the thing demanded was the same, the demand was founded on the same cause of action, and the demand was between the same parties. The thing demanded in both partition suits was Mrs. Thurston's interest in Mr. Thurston's retirement, the demand was founded on the retirement being declared a community asset, and the Thurstons were the parties in both suits. The only contentious issue in this res judicata analysis is whether the thing demanded is the same. The fact that Mrs. Thurston styled her interest in the retirement as being composed of "contributions and accumulations" in the first suit, and requested her interest in the form of one-half of all funds that Mr. Thurston has received in the second suit is of no moment. In paragraph 7 of her Supplemental Petition filed in 1997, Mrs. Thurston asks for partition and disbursal of payment to her according to her interest therein. The thing demanded in both suits is Mrs. Thurston's interest in Mr. Thurston's retirement.
When a case is dismissed with prejudice, as was the one sub judice, La. C.C.P. art. 1673 mandates that it shall have the effect of a final judgment of absolute dismissal after trial. Had the first case been litigated under Mrs. Thurston's request for her interest in the retirement in the form of contributions and accumulations, an absolute dismissal of this request would prohibit the case from being litigated again. Her claims could have been dismissed by the trial judge's finding that the retirement was not a community asset and, consequently, Mrs. Thurston had no interest in it. Or the trial judge could have determined that her interest in all assets comprising the community, including the retirement, was realized with the property she had already received. Had the judge made such a finding after the case was litigated and absolutely dismissed the claims of Mrs. Thurston, it would be clear that Mrs. Thurston would have no right to come back into court and ask that the court litigate her interest in the retirement in the form of retirement benefits.
Mrs. Thurston relies upon Hare v. Hodgins, 586 So.2d 118 (La.1991), for the premise that in a partition proceeding, a former spouse might pursue an interest in a community-owned retirement on a basis other than that calculated by the Sims formula.[1] The method of calculation of the spouse's interest in a retirement has no application in the case at bar. Nothing in the Hare case insinuates that a former spouse may receive a judgment under one method of calculating the spouse's interest, then file suit for the spouse's interest under another method of calculating the interest. In the case sub judice, Mrs. Thurston's interest in the retirement was "adjudicated" when she consented to the case being dismissed with prejudice.
Further, the ruling on the res judicata issue by the Fifth Circuit in Hare, which was adopted by the Louisiana Supreme Court, gives us no guidance. See Hare v. *271 Hodgins, 567 So.2d 670 (La.App. 5th Cir. 1990). There, the issue was whether the partition agreement waived any further claims on the community assets; the appellate court found that it did not. In this case, the partition agreement specifically reserved the right to further adjudicate any claims not addressed. Thereafter, Mrs. Thurston's claim regarding the retirement was addressedand "litigated" in her first petition.
Inasmuch as the suits filed in 1980 and 1997 by Mrs. Thurston demanded the same thing (her interest in the retirement), the demand was founded on the same cause of action (a partition declaring her status as co-owner of the retirement), and the demand was between the same parties (Mr. and Mrs. Thurston), the trial judge correctly sustained the exception of res judicata.

CONCLUSION
For the foregoing reasons, the district court's judgment sustaining the exception of res judicata is affirmed. Costs of this appeal are assessed to the appellant, Betty Jo Spruell Thurston.
AFFIRMED.
NORRIS, C.J., dissents for the reasons assigned by WILLIAMS, J.
WILLIAMS, J., dissents and assigns written reasons.
WILLIAMS, Judge, dissenting.
I respectfully dissent.
In the previous petition filed in 1980, Betty Thurston alleged that she was entitled to receive one-half of all sums contributed by Frank Thurston and accumulated in the retirement system from the date of their marriage to September 8, 1980, when the petition for separation was filed. The parties' joint motion to dismiss stated that Betty Thurston's petition sought "one-half of all of the sums that Frank E. Thurston had contributed to his retirement plan...." The district court judgment merely provided that the "respective demands of movants ... are hereby dismissed with prejudice."
In the present action, Betty Thurston alleges that Frank Thurston is currently receiving monthly retirement benefits, and she seeks one-half of all of the payments which he "has received from the aforesaid retirement" since the date of the termination of the parties' community of acquets and gains.
The majority attempts to support its position by adopting a contradictory argument. First, the majority speculates about what might have happened if the original petition had been litigated. Despite this acknowledgment that there was no such litigation, the majority subsequently asserts the opposite view that Betty Thurston's claims were "addressed- and `litigated-'" by the previous dismissal.
During the hearing on the exception, the district judge similarly speculated that if the wife's 1980 petition had been fully litigated, she would not have been awarded one-half of the husband's contributions to the retirement system. The judge asserted that instead, the wife's interest would have been calculated by use of the formula established by the supreme court in Sims v. Sims, 358 So.2d 919 (La.1978). In Sims, the court stated that a spouse's interest in the employee spouse's pension plan was not limited to one-half of the cash value upon dissolution of the community. The supreme court held that the non-employed spouse was entitled to a judgment recognizing the spouse's interest as one-half of the retirement proceeds if and when they become payable. The district court apparently reasoned that in light of Sims, Betty Thurston's suit would have resulted in a judgment recognizing her right to future retirement payments, so that the type of relief previously sought was in effect the same as that requested in the present case.
However, if the previous lawsuit had proceeded, the parties may have agreed on *272 a valuation of the pension for the purpose of a conventional partition, a possible alternative which was recognized by the supreme court in Sims. In any event, pursuant to Article 2286, the question is not what might have happened if the previous suit had proceeded. Rather, the relevant inquiry is whether the "thing demanded" is identical in both lawsuits.
Although the majority attempts to dismiss the distinct interests raised in each petition as simply two "methods of calculation," a spouse's interest in the value of accumulated contributions is not the same as an interest in future payments from a vested pension plan. In the petition filed in 1980, Betty Thurston specifically sought to collect the sum of one-half of the funds that Frank Thurston had contributed at the time of separation to the retirement plan, which had not yet matured. In contrast, the present petition seeks a percentage of the retirement payments which Frank Thurston is currently receiving through the subsequently matured pension plan. The judgment of dismissal addressed only the former interest.
Based upon this record, I must conclude that there is insufficient identity of the thing demanded in these two lawsuits. Res judicata is strictly construed and the failure to establish any of the three elements required by Article 2286 is fatal to the plea. Consequently, the district court erred in sustaining the exception of res judicata.
In his brief, Frank Thurston also contends that the joint motion to dismiss and the judgment of dismissal with prejudice represent a compromise disposing of any claims Betty Thurston would have to Frank Thurston's retirement benefits. Pursuant to LSA-C.C. art. 3071, a compromise is an agreement, between two or more parties who adjust their differences by mutual consent, reduced to writing or recited in open court. Contrary to the above stated contention, neither the motion to dismiss nor the judgment of dismissal expressly refer to Betty Thurston's interest in a portion of the future retirement benefits payable to Frank Thurston. Thus, the record does not establish a compromise under Article 3071. The argument lacks merit.
For the foregoing reasons, I would reverse the district court's judgment sustaining the exception of res judicata and remand the case to the district court for further proceedings.
NOTES
[1] See Sims v. Sims, 358 So.2d 919 (La.1978).