779 So.2d 1001 (2001)
Robert C. KEMPER, et al., Plaintiff-Appellees,
v.
DON COLEMAN, JR. BUILDERS, INC., et al., Defendant-Appellants.
No. 34,671-CA.
Court of Appeal of Louisiana, Second Circuit.
January 18, 2001.
Mayer, Smith & Roberts by Steven E. Soileau, Shreveport, Counsel for Defendant-Appellant, West American Ins. Co.
Eskridge E. Smith, Jr., Bossier City, Counsel for Defendant-Appellee, Don Coleman, Jr. Builders, Inc.
Roos & Frazier by John McGinty Frazier, Shreveport, Counsel for Defendant-Appellee, City of Shreveport.
Julie Mobley Lafargue, Shreveport, Counsel for Defendant-Appellee, Parish of Caddo.
Troy E. Bain, Shreveport, Counsel for Plaintiff-Appellee.
Before NORRIS, STEWART and KOSTELKA, JJ.
PER CURIAM.
The instant appeal follows Kemper v. Don Coleman Jr. Builder Inc., 31,576 (La. App. 2 Cir. 7/29/99), 746 So.2d 11, writs denied, 1999-2954 (La.1/7/00), 752 So.2d 861, 1999-2955 (La.1/7/00), 752 So.2d 861. That opinion affirmed a money judgment against the defendant, Don Coleman Jr. Builder, but absolved its insurer, West American Insurance Company, because of a policy exclusion. According to the pleadings, West American had placed funds in the registry of court to cover the judgment; the plaintiffs' attorneys withdrew this money to disburse to their clients.
*1002 In April 2000, West American filed a motion to require the plaintiffs and their attorneys to repay funds withdrawn from the registry. In June 2000, the plaintiffs' attorneys, Troy Bain and Henry Walker, filed exceptions of no cause of action, asserting that as attorneys they were not parties to the litigation and owed no repayment. The District Court rendered judgment on June 8, 2000, granting the exception of no cause of action and denying West American's motion for repayment. Notice of judgment was mailed on June 12, 2000.
On August 9, 2000, West American filed the instant "motion for reconsideration" of that judgment, together with a memorandum in support. This referred to a memorandum in which Troy Bain denied that any money he received was used to pay any fee either to him or to Henry Walker. However, West American's memo also cited what purported to be letters from Bain to certain clients, stating that he had retained a 1/3 attorney fee from the amounts recovered. West American urged that based on this information, Bain should be ordered to repay the money he received.
Hearing on the "motion for reconsideration" was set for September 5, 2000, but according to the minutes it was submitted on that date without a hearing. The District Court denied the motion, and West American took the instant appeal on September 12.
Given the procedural history, this court issued a rule to show cause why the appeal was not untimely. In response, West American concedes that its motion for reconsideration should have been styled a "second motion to require repayment of sums," and argues that it was not the equivalent of a motion for new trial. Instead, West American urges that its motion for reconsideration is akin to a second motion for summary judgment, which is allowed under the Code of Civil Procedure. According to West American, Bain represented to the court that he had not taken any attorney fee; only after the motion was denied could West American "contact various plaintiffs." West American asserts that Bain's misrepresentation formed the basis of the motion for reconsideration.
The June 8, 2000 judgment sustaining the exception of no cause of action and dismissing the claim against Bain and Walker was a final and appealable judgment. Everything on Wheels Subaru Inc. v. Subaru South Inc., 616 So.2d 1234, 1239 (La.1993). However, West American did not take a timely appeal. Instead, it filed a "motion for reconsideration," which is not recognized by the Code of Civil Procedure.
We could conceivably view the motion as an attempt to allege nullity under La. C.C.P. arts. 2001, et seq., given that the thrust of the claim is that the plaintiffs' lawyer made a material misrepresentation to the court. However, this would not avail West American, because the parties may not introduce evidence to support or controvert the objection that a petition fails to state a cause of action. La. C.C.P. art. 931. The court was obligated to decide the exception on the face of the pleadings; this record does not disclose that the court improperly considered evidence in ruling on the exception. We also note that if West American's motion could be treated as one for new trial, it would be untimely. La. C.C.P. art. 1974.
We decline to view the "motion for reconsideration" as a second motion for summary judgment. A second motion for summary judgment is allowed because the denial of an initial motion is not a final judgment, but merely an interlocutory judgment which does not terminate the action or decide the merits in part. See, e.g., Ward v. Hermitage Ins. Co., 28,236 (La.App. 2 Cir. 4/3/96), 671 So.2d 1229, 1231, writ denied 96-1141 (La.9/3/96), 678 So.2d 554. By contrast, the instant judgment, granting an exception of no cause of action, was a final judgment and dismissed Bain and Walker. The "motion for reconsideration" could not revive the issue. We *1003 also decline to find that the District Court's ruling denying the motion conferred jurisdiction.
For these reasons, we conclude that the instant appeal is untimely and is dismissed at appellant's costs.
APPEAL DISMISSED.