859 So.2d 944 (2003)
Diane BOSWELL, Plaintiff-Appellant,
v.
Sokhan (SUE) IEM, Defendant-Appellee.
No. 37,713-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2003.
*945 Rick Fayard, for Appellant.
Amy L. Greenwald, for Appellee.
Before BROWN, PEATROSS, and MOORE, JJ.
BROWN, C.J.
The trial court granted defendant's exception of no cause of action and dismissed plaintiff's lawsuit. Plaintiff appeals. We affirm and remand.

Factual and Procedural Background
Defendant, Sokhan (Sue) Iem, owned a business known as Sue's Drapery, located on East 70th Street in Shreveport, Louisiana. On November 2, 1999, defendant sold to plaintiff, Dianne Boswell, all of the assets of the business for a recited consideration of $15,000, of which $10,000 would be paid at closing, with the balance to be paid quarterly "at the rate of 3% of gross revenue commencing April 1, 2000." The instrument, entitled "Sale and Transfer of Business," contained a non-competition provision "that defendant would not compete in this or any similar business with purchaser for a period of three (3) years in the Shreveport-Bossier City area, and in the area within the radius of 50 miles thereof." The document further listed ten specific clients of the business and defendant agreed that contacting any of the named clients for the purpose of any type of fabric, curtain or interior work would constitute a breach of the agreement not to compete and would subject her to the immediate return of the purchase price.
Following the purchase, plaintiff hired defendant to work in the business. Plaintiff claims that on April 27, 2001, she discovered that, notwithstanding the noncompete clause, defendant was providing window treatments and draperies for clients in the Shreveport-Bossier City area. Plaintiff filed this action on September 25, 2001, to rescind the agreement and seek the return of the $10,000 cash paid at closing as well as money paid on the promissory note executed contemporaneously therewith.
Defendant answered the suit, generally denying the allegations of plaintiff's petition and affirmatively asserting that the non-competition provision of the contract was null, void, and of no effect. Specifically, defendant asserted that La. R.S. 23:921(B) limits non-competition provisions to a period of two years and to parishes specifically named. Defendant also asserted that the contract executed between the parties did not have a savings or severability clause. Defendant concluded that the non-competition language in the contract was a violation of Louisiana law, and thus null, void, and unenforceable.
In March 2002, defendant moved for summary judgment. No affidavits, deposition excerpts, answers to interrogatories, etc., were submitted in support of the motion for summary judgment, but rather, defendant urged that, as a matter of law, plaintiff's suit should be dismissed.
Plaintiff filed an opposition memorandum to the motion for summary judgment, wherein, inter alia, she contended that the non-compete agreement was not between an employer and employee; that both parties were on equal footing and negotiated equally; and that neither was forced or coerced into the agreement. Plaintiff executed an affidavit in support of her opposition to summary judgment.
On April 29, 2002, Judge Crichton denied defendant's motion for summary judgment. Thereafter, counsel for defendant took a supervisory writ to this court, which, on July 11, 2002, was denied based on the showing made.
On August 28, 2002, defendant filed a reconventional demand, now alleging that *946 the purchase price was $20,000, rather than $15,000, and that only $12,820 had been paid toward the total purchase price, with no payments having been made since October 2000.
Following discovery, Judge Crichton issued a recusal on the basis that at least one of the potential witnesses in the case was his spouse's close personal friend, and that defendant had in fact done work for Judge Crichton's wife. The case was then assigned to Judge Thaxton.
On December 5, 2002, defendant filed a peremptory exception of no cause of action with an accompanying memorandum, asserting that the non-competition language in the agreement violates applicable law, specifically La. R.S. 23:921, and as such was null, void, and unenforceable. Plaintiff responded by filing a "Motion for Sanctions for Filing Frivolous Pleading," asserting that defendant was making the same arguments in her peremptory exception of no cause of action as were made in her motion for summary judgment, which was denied by the trial court and this court.

Conclusions of the Trial Court
In granting the exception of no cause of action, Judge Scott, who apparently inherited the case when Judge Thaxton retired, ruled that the non-compete language in the contract was overly broad and violated La. R.S. 23:921 in that its term exceeded two years, and that the non-competition agreement had to be strictly construed as per SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695 (La.06/29/01), 808 So.2d 294. Judge Scott also stated the following:
The fact that this argument was made in support of a motion for summary judgment which was denied and on which writs were also denied does not create a cause of action in the law in favor of the plaintiff. Accordingly, as to any claim of plaintiff under the non-competition clause of the agreement between the parties, the exception of no cause of action is granted.
Counsel for plaintiff filed a motion for new trial which was denied.

Discussion
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. It questions whether the law provides a remedy to the plaintiff against the defendant for the complaints set forth in the petition. Fortenberry v. Hibernia National Bank, 37,266 (La.App.2d Cir.08/20/03), 852 So.2d 1221; Robertson v. Caddo Parish, La., 36,540 (La.App.2d Cir.12/11/02), 833 So.2d 1139. All well-pleaded allegations must be assumed as true, and any doubt is to be resolved in favor of the petition. Fortenberry, supra. Appellate review is de novo because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. McCoy v. City of Monroe, 32,521 (La.App.2d Cir.12/08/99), 747 So.2d 1234, writ denied, 00-1280 (La.03/30/01), 788 So.2d 441.
Resolution of the issues raised in this case rests upon whether the provisions of La. R.S. 23:921 apply. The pertinent provisions of La. R.S. 23:921 as it read at the time the contract was entered into are as follows:
La. R.S. 23:921. Restraint of business prohibited; restraint on forum prohibited; competing business; contracts against engaging in; provisions for.
A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.
* * *
*947 B. Any person, including a corporation and the individual shareholders of such corporation, who sells the goodwill of a business may agree with the buyer that the seller will refrain from carrying on or engaging in a business similar to the business being sold or from soliciting customers of the business being sold within a specified parish or parishes, or municipality or municipalities, or parts thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein, not to exceed a period of two years from the date of sale.(Emphasis added).
Historically, Louisiana courts have been opposed to the enforcement of agreements in restraint of trade or competition. Courts strictly construe agreements limiting competition whether the agreement is in the form of restrictions on competition by a former employee, restrictions on competition by the seller of a business, or some other variation which has the effect of limiting competition. See Standard Brands, Inc. v. Zumpe, 264 F.Supp. 254 (E.D.La.1967); Target Rental Towel, Inc. v. Byrd, 341 So.2d 600 (La.App. 2d Cir. 1977); National Oil Service Inc. v. Brown, 381 So.2d 1269 (La.App. 4th Cir.1980).
Defendant argues that the noncompetition provisions restricted her ability to seek employment for a period of three years in the Shreveport-Bossier City area, as well as within the radius of 50 miles thereof and therefore were in direct conflict with the statutory requirements of La. R.S. 23:921. In support, defendant cites SWAT 24, supra.
Plaintiff points out that the sale and transfer of the business in this matter is not an employment contract and thus the SWAT 24 case and La. R.S. 23:921 are inapplicable. Plaintiff relies on Louisiana Smoked Products, Inc. v. Savoie's Sausage and Food Products, Inc., 96-1716 (La.07/01/97), 696 So.2d 1373, to support her argument.
In Louisiana Smoked Products, supra, a corporation, Louisiana Smoked Products ("L.S.P."), agreed to market meat products manufactured by another corporation, Savoie. After the contract ended, L.S.P. sued Savoie claiming it stole L.S.P.'s customers and undercut L.S.P.'s prices. At issue was a clause prohibiting competition with the other party's business activity for three years after termination of the contract. The supreme court held that La. R.S. 23:921, which invalidates contract provisions restraining one from exercising a lawful profession, trade, or business, did not apply to non-competition agreements between independent corporations on equal footing. Id. The court reasoned that prohibiting two independent corporations from executing a non-competition clause would unduly infringe on the parties' freedom to contract. Id. Furthermore, the court reasoned that a non-competition clause will be deemed fair in all respects when: (1) individuals are on an equal footing; (2) both parties benefit from the contract; (3) the contract was prepared, reviewed, and approved by objecting party's attorney; and (4) each individual consented to the clause and was equally bound to terms therein at the time the corporations signed the agreement. Id.
All the factors listed in Louisiana Smoked Products are present in the action sub judice; however, that case did not involve the sale of the goodwill of a business and did not discuss La. R.S. 23:921(B), which directly limits non-compete clauses in such a sale to two years. We note that the dissenting justices used La. R.S. 23:921(B) as an example of its application to other than employment contracts. The language of La. R.S. 23:921(B) is clear and expresses the intent of the *948 legislature. Thus, we feel that the granting of the exception of no cause of action was proper.
Additionally, plaintiff argues that the denial of defendant's motion for summary judgment in this suit precluded the trial court from granting an exception of no cause of action in this matter based upon principles of res judicata. We do not agree.
For res judicata to apply, there must be: (1) an identity of the parties; (2) an identity of "cause;" and (3) an identity of the thing demanded. Thurston v. Thurston, 31,895 (La.App.2d Cir.08/20/99), 740 So.2d 268. However, for a judgment to have res judicata effect, La. R.S. 13:4231 requires that the judgment be "valid and final." In this case, the denial of a motion for summary judgment is not a final judgment; it is merely an interlocutory judgment which does not terminate the action or decide the merits in part. Kemper v. Don Coleman, Jr. Builders, Inc., 34,671 (La.App.2d Cir.01/18/01), 779 So.2d 1001; Ward v. Hermitage Ins. Co., 28,236 (La. App.2d Cir.04/03/96), 671 So.2d 1229, writ denied, 96-1141 (La.09/03/96), 678 So.2d 554.
Because peremptory exceptions of no cause of action may be pleaded at any stage of the proceeding either in the trial or appellate court, and we have found no authority supporting the idea that the denial of a motion for summary judgment is res judicata as to a subsequently filed exception of no cause of action, we find that the denial of defendant's motion for summary judgment does not bar the subsequently filed peremptory exception of no cause of action. La. C.C.P. arts. 927 and 2163.
The trial court's ruling was proper; however, the matter is remanded to allow plaintiff the opportunity to amend her petition to state a cause of action. La. C.C.P. arts. 934 and 1151. This ruling make plaintiff's/appellant's request for damages and/or sanctions moot.

Conclusion
For the reasons set forth above, the judgment of the trial court granting defendant's exception of no cause of action is affirmed. This case is remanded to allow plaintiff the opportunity to amend her petition to state a cause of action.
AFFIRMED and REMANDED.
MOORE, J., concurs with written reasons.
MOORE, J., concurs.
I respectfully concur. I agree that the non-competition clause in this sales contract exceeds the statutory authority of La. R.S. 23:921 B. Normally, litigants seeking relief from non-competition agreements proceed by suit for injunction, declaratory judgment or nullity. I have reservations about interpreting a contract by means of an exception of no cause of action. It is undisputed that Ms. Boswell bought a business from Ms. Iem, paying at least $12,830 which she now seeks to recover. Even if the non-competition clause is facially invalid, the law affords Ms. Boswell the remedy of rescinding the sale. Tri-Millennium Corp. v. Jena Band of Choctaw Indians, 98-612 (La.App. 3d Cir.12/16/98), 725 So.2d 533, writ denied, 99-0547 (La.04/09/99), 740 So.2d 637. Because the majority is remanding the case to allow Ms. Boswell to amend her petition and state her actionable claims, I respectfully concur.