PITMAN, J.
| TAppellant, Chester Lavelle Pepper, Jr., through his administratrix, Sherri P. McIntyre (“the Administratrix”), appeals the trial court’s denial of the peremptory exception of res judicata and judgment in favor of Appellee, Dorothy Mearl Hollowell Pepper (now “Ms. Barber”). For the following reasons, we affirm.

FACTS

Mr. Pepper and Ms. Barber married on November 16, 1985. On July 21, 2004, Mr. Pepper filed a petition for divorce. On August 2, 2004, Ms. Barber filed a petition to partition. On September 16, 2004, the trial court[1] signed a judgment awarding *278 the parties a divorce. A partition judgment was filed on December 15, 2005. Notably to this case, the partition judgment partitioned Mr. Pepper’s “Retirement/Pension/Annuity/ Thrift Savings Plan” with the U.S. Postal Service (USPS).[2] On December 30, 2005, Ms. Barber filed a motion for new trial. On March 15, | g2006, the parties entered into a receipt, release and satisfaction of judgment, and specifically exempted from release:
any claim that [Ms. Barber] might have against [Mr. Pepper] pertaining to the future division of any savings, pension and/or retirement plan of [Mr. Pepper] in connection with his employment with the U.S. Postal Service and/or the enforcement of any right to a proportionate share of the subject savings, pension and/or retirement benefits as recognized by the Court and specifically referenced in the Judgment filed in these proceedings on December 15, 2005.
On April 28, 2006, Ms. Barber filed a motion to dismiss and stated that the motion for new trial was resolved through compromise and settlement.
Mr. Pepper died on December 30, 2011.
On March 6, 2012, Ms. Barber filed a petition to amend/supplement partition of community property, stating that the existence of Mr. Pepper’s Thrift Savings Plan with the USPS was not disclosed during the partition of the community property in 2005 and, therefore, remained unparti-tioned. She requested that the trial court partition the Thrift Savings Plan and that she receive her half of the community portion of that account. On July 10, 2012, Ms. Barber filed an amended petition to partition community property and clarified that no information was provided in discovery specifically regarding the funds held in the Thrift Savings Plan.
On January 16, 2013, the Succession of Mr. Pepper, through the Administratrix, filed an answer and peremptory exception. The Administratrix argued that Ms. Barber’s claims were precluded by the doctrine of res jvdicata as a result of the 2005 partition judgment.
A trial on the matter was held on September 10, 2013. The parties stipulated to the value of the Thrift Savings Plan. The Administratrix |sargued that the 2005 partition judgment provided that Mr. Pepper’s Retirement/Pension/Annuity/Thrift *279 Savings Plan be partitioned in accordance with the Sims v. Sims formula; and, therefore, the doctrine of res judicata precluded relitigation of the partition. The Administratrix also pointed out that Ms. Barber’s detailed descriptive list specifically mentioned the “Retirement/Pension/Annuity/Thrift Savings Plan.” Ms. Barber argued that Mr. Pepper had two forms of retirement — a pension plan and a Thrift Savings Plan. She stated that the pension plan was litigated and partitioned in 2005, but the Thrift Savings Plan was not litigated and partitioned. She testified that, when she filed her original petition to partition, although her attorney included the term “Retirement/Pension/Annuity/Thrift Savings Plan” in her detailed descriptive list, she was aware only that Mr. Pepper had some form of retirement with the USPS, but did not specifically know that he had a Thrift Savings Plan because Mr. Pepper handled all of their finances. Ms. Barber explained that she became aware of the Thrift Savings Plan several years after the partition when she contacted the USPS to provide her new address in order to receive her portion of Mr. Pepper’s retirement once he retired. The trial court noted that Mr. Pepper did not list the Thrift Savings Plan in his detailed descriptive list or in interrogatories. It found that Ms. Barber discovered the existence of the Thrift Savings Plan after the partition; and, therefore, the Thrift Savings Plan was not included in the original partition. The trial court overruled the Administratrix’s peremptory exception of res judicata and found that the Thrift Savings Plan could be partitioned pursuant to La. C.C. art. 1380.
|4On September 16, 2013, the trial court filed a judgment overruling the peremptory exception of res judicata and partitioning Mr. Pepper’s USPS Thrift Savings Plan, finding that the Thrift Savings Plan in the amount of $67,290.93 was an unpar-titioned asset of the former community of acquets and gains and allocating one-half (½) of the value of the Thrift Savings Plan to each party.
The Administratrix, on behalf of the Succession of Mr. Pepper, appeals the judgment of the trial court.

DISCUSSION

Res Judicata

In her first assignment of error, the Administratrix argues that the trial court erred in overruling her peremptory exception of res judicata. She contends that the 2005 partition judgment precluded re-litigation of the partition of the Thrift Savings Plan because the cause of action was adjudicated in the original partition.
Ms. Barber argues that the action to partition the Thrift Savings Plan is not barred by res judicata because the partition of this asset was not litigated in the original partition. In the alternative, she contends that, even if res judicata applies, it does not bar her action because the exceptions to res judicata set forth in La. R.S. 13:4232 apply to her case.
The standard of review of a ruling on an exception of res judicata is manifest error when the exception is raised before the case is submitted and evidence is received from both sides. State ex rel. Murphy v. Harén, 42,098 (La.App.2d Cir.5/16/07), 957 So.2d 869, writ denied, 07-1285 (Lap/21/07),5 964 So.2d 345, citing Medicus v. Scott, 32,326 (La.App.2d Cir.9/22/99), 744 So.2d 192, and Floyd v. City of Bossier City, 38,187 (La.App.2d Cir.3/5/04), 867 So.2d 993.
The law on res judicata is set forth in La. R.S. 13:4231, which states:
Except as otherwise provided by law, a valid and final judgment is conclusive *280 between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
In other words, a second action is precluded by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049.
La. R.S. 13:4232 sets forth exceptions to La. R.S. 13:4231, stating:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
|<¾(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
B. In an action ... for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
The doctrine of res judicata is strictly construed. Any doubt regarding compliance with its requirements is to be resolved in favor of maintaining the plaintiffs action. State ex rel. Murphy v. Harén, supra, citing Thurston v. Thurston, 31,895 (La.App.2d Cir.8/20/99), 740 So.2d 268.
The application of the Burguieres five-part test to the facts of this case preliminarily suggests that res judicata precludes a second action: the judgment was a valid, final judgment; the parties are the same because Mr. Pepper’s succession is a party pursuant to La. C.C.P. art. 734; the cause of action of the second suit, i.e., the partition of the community property, existed at the time of the first partition; and both causes of action arise out of the termination of the community of acquets and gains. However, the exception to res judi-cata stated in La. R.S. 13:4232(B) applies to the facts of this case. The cause of action was not adjudicated in full because, as discussed infra, the partition of the Thrift Savings Plan was not adjudicated in the 2005 partition judgment. The 2005 partition judgment only has the effect of res judicata as to the community property that was actually partitioned. Therefore, the trial court did not err in denying the Administratrix’s peremptory exception of res judicata.
^Accordingly, this assignment of error is without merit.

Partition of Thrift Savings Plan

In her second assignment of error, the Administratrix argues that the trial court *281 erred in determining that the 2005 partition judgment did not contemplate the partition of the Thrift Savings Plan. She emphasizes that the 2005 partition judgment partitioned the “Retirement/Pension/Annuity/Thrift Savings Plan of Chester Lavelle Pepper, Jr. with the United States Postal Service.” She points out that Ms. Barber’s detailed descriptive list listed as an asset the “Retirement/Pension/Annuity/Thrift Savings Plan of Chester Lavelle Pepper, Jr. with the United States Postal Service” and that Mr. Pepper’s traversal and amended traversal of Ms. Barber’s list traverse this asset. She also notes that Ms. Barber’s post-trial memorandum states, “Ms. Pepper’s interests in the retirement and thrift savings plan at USPS shall be divided pursuant to the formula provided in Sims v. Sims,” and that Mr. Pepper’s post-trial memorandum concurs in this statement.
Ms. Barber argues that the trial court was correct in determining that the Thrift Savings Plan was an unpartitioned asset that was not included in the original action and was properly partitioned pursuant to La. C.C. art. 1380. She states that she was not aware of the existence of the Thrift Savings Plan until after the original partition and that Mr. Pepper failed to provide any information about the Thrift Savings Plan during the 2005 partition.
|8La. C.C. art. 1380 states, “If, after the partition, a discovery should be made of some property not included in it, the partition must be amended or made over again, either in totality, or of the discovered property alone.”
The issue of whether the Thrift Savings Plan was taken into account in the 2005 partition is a question of fact. A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In this case, Ms. Barber testified that she did not become aware of the existence of the Thrift Savings Account until after the 2005 partition when she contacted the USPS. She explained that she was aware Mr. Barber had some form of retirement with the USPS, but that she did not know what specific accounts he had. In her detailed descriptive list, Ms. Barber included the string of terms “Retirement/Pension/Annuity/Thrift Savings Plan” to refer to retirement in general and noted that the value of this asset was “unknown.” Mr. Pepper did not list the Thrift Savings Plan in his detailed descriptive list, interrogatories or deposition — he referred only to an annuity and a pension plan. After hearing the testimony of Ms. Barber and reviewing the documents from the 2005 partition, the trial court accepted Ms. Barber’s testimony that she discovered the existence of the Thrift Savings Plan after the partition and found that it was not included in the original partition. We do not find that the trial court’s finding of fact is manifestly erroneous or clearly wrong. Therefore, the trial court did not err in amending the partition to include the Thrift Savings Plan as it was not previously partitioned.
| Accordingly, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the judgment of the trial court in favor of Appellee Dorothy Mearl Hollowell Pepper, and against Appellant Chester Lavelle Pepper, Jr., is affirmed. Costs of appeal are assessed to Appellant Chester Lavelle Pepper, Jr., through his administratrix, Sherri P. McIntyre.
AFFIRMED.

. Judge Michael A. Pitman was the trial judge in this case for the divorce in 2004 and origi *278 nal partition in 2005. The issues presented in this appeal were before Judge Ramon Lafitte, not Judge Michael A. Pitman.

. The partition judgment states, in pertinent part:

RETIREMENT/PENSION/ANNUITY/THRIFT SAVINGS PLAN OF CHESTER LAVELLE PEPPER, JR. WITH THE UNITED STATES POSTAL SERVICE

IT IS ORDERED, ADJUDGED AND DECREED that the deferred compensation benefits of CHESTER L. PEPPER, JR. shall be partitioned in accordance with the stipulation of the parties utilizing the formula from the decision of Sims v. Sims, 358 So.2d 919 (La.
1978) and as described more fully hereinbe-low. Inasmuch as Mr. Pepper is still actively employed by the U.S. Postal Service, the denominator of the fraction is obviously unknown. The numerator of the subject fraction is 224 months. Accordingly, the correct formula to be utilized in determining the interest of DOROTHY MEARL HOLLOWELL PEPPER BARBER is as follows:
224 months community x ½ x Monthly pension benefit = Ms. Barber's share of the participation in pension ultimately received by Mr. monthly pension paid Total months of credited Pepper employment of Mr. Pepper with the U.S. Postal Service and credit for military service