PRICE, Judge.
This is an appeal from the judgment of the trial court sustaining an exception of res judicata and dismissing the proceeding brought by Boyce McConathy Blalock seeking to have Melvin A. Blalock account for several items of movable property allegedly remaining in his possession following a partial compliance with a judgment ordering partition by licitation of the prop *367 erty formerly belonging to the community of acquets and gains existing between these parties. In a prior opinion of this court reported at 259 So.2d 367 (La.App. 2nd Cir. 1972), the status of various property items was decided and the case was remanded for completion of the partition in accordance with law.
Thereafter, pursuant to a court order the sheriff seized two tracts of real estate, a Chevrolet automobile and all household furniture belonging to the community. The record reflects the real estate and automobile were sold and distribution of the proceeds was made and duly homologated. It does not appear that the household furniture was ever sold under this seizure.
A further partition was effected by a judgment rendered on a rule brought by Melvin Blalock which granted him full ownership of sums on deposit in his name in two savings accounts in Jonesboro Federal Savings & Loan Association, and the sum on deposit in the Jackson Parish Bank. Plaintiff was awarded full ownership of the funds paid into the Teachers Retirement System during the existence of the community. This same judgment ordered plaintiff to give an accounting of the cash surrender value of all life insurance policies in her possession. Such an accounting was made and a judgment was rendered allowing defendant to withdraw $2,453.21, which was equivalent to one-half the value of the policies accounted for.
Subsequent to the foregoing proceedings plaintiff, Boyce Blalock, filed the subject proceeding by rule, alleging that defendant has in his possession and has failed to account for the following:
(1). “the cash surrender value of life insurance policies”,
(2). “for funds which he had on deposit at the Jackson Parish Bank and the Jonesboro State Bank.”
(3). “a truck which belonged to him and was an asset of the community.”
(4). “the furniture, most of which has apparently been disposed of by defendant.”
(5). “the note outstanding to the defendant from Roosevelt Mack.”
Defendant filed an exception of res judi-cata alleging that the issues presented by plaintiff’s rule have been previously adjudged by the prior judgments rendered by the trial court between these parties which have become final. The district court sustained the exception and rendered judgment dismissing plaintiff’s demands.
On this appeal plaintiff contends the trial court erred in applying the doctrine of res judicata as the items for which plaintiff seeks an accounting have not been included in or disposed of by the prior judgments. In reply brief to this court defendant argues the sustaining of the exception was proper as all property which was listed as belonging to the community of ac-quets and gains in the original proceedings has been accounted for under the prior judgments which have become final. Defendant further argues that some of the items for which plaintiff now seeks an accounting were not listed as community assets in the original proceedings initiated by plaintiff to establish the status of various properties and as the judgment recognizing the mass of the community has become final, a summary proceeding is not appropriate to re-open such an issue. It is unnecessary for us to consider this contention as defendant did not file an exception opposing this procedure in the trial court.
The record as presently constituted does not support the application of the doctrine of res judicata. Res judicata applies only when the thing demanded is the same, the demand is founded on the same cause of action and the demand is between the same parties in the same capacities. La. C.C. art. 2286; Barnett v. Develle, 289 So.2d 129, 141 (La. 1974).
The first criteria for the application of this principle of law, that the *368 “thing demanded be the same”, is not conclusively shown by the record before us. It does not reflect for instance, that all insurance policies nor the funds listed in defendant’s name in the Jonesboro State Bank have been accounted for. Although a seizure was made of the furniture in the possession of defendant, nó sale or other transaction is shown in the record which would indicate this property has been accounted for.
The note signed by Roosevelt Mack is not mentioned in any of the prior proceedings contained in the record before us and we must presume it has not been accounted for.
For these reasons we find the sustaining of the exception of res judicata was erroneous. Therefore, the judgment appealed from is reversed and the case is remanded for further proceedings in accord with the law.
Costs of this appeal are to be paid by ap-pellee.