520 So.2d 828 (1987)
Loretta Bordelon LAMARTINIERE, Plaintiff-Appellee,
v.
Louis Joseph LAMARTINIERE, Defendant-Appellant.
No. 86-1004.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
*829 Knoll, Roy & Spruill, Kerry L. Spruill, Marksville, for defendant-appellant.
Edward A. Kaplan, Alexandria, for plaintiff-appellee.
Before GUIDRY, FORET and YELVERTON, JJ.
YELVERTON, Judge.
This is a partition suit filed by the wife, Loretta Lamartiniere, asserting a community interest in the federal civil service retirement benefits of her husband, Louis Lamartiniere, and also a community interest in $18,000 in cash received in a 1976 settlement of a tort claim. From a judgment finding the retirement benefits to be community property and not previously partitioned by the parties, the husband appeals. We affirm. The judgment further rejected the wife's claim to the tort settlement, but neither party appeals from that part of the judgment.
The facts are simple and not in dispute. The parties were married on September 5, 1953 and divorced on June 21, 1985. Mr. Lamartiniere began his employment with the Avoyelles Soil Conservation Service on April 3, 1961 and was still in the employ of the Service at the time of the trial. The wife initiated this partition suit and the husband answered claiming that a prior community property settlement and compromise agreement between the parties estopped her from claiming any properties as community property. This agreement, entitled "Act of Compromise, Partition, and Community Property Settlement", was entered into by the parties on June 21, 1985. The agreement partitioned the community property and debts between the parties as well as settling the issues of permanent alimony. The agreement did not mention the civil service retirement benefits.
After a trial on the merits the trial court found that the retirement benefits were not intended to be included in the agreement and that the agreement did not bar the wife from pursuing her community interest in the benefits. The court therefore awarded the wife one half of the retirement benefits attributable to his employment during the existence of the community pursuant to the formula outlined in Sims v. Sims, 358 So.2d 919 (La.1978).
The issues on appeal are: 1) Whether the trial court erred in refusing to permit parole evidence concerning intent of the parties in entering into the "Act of Compromise, Partition, and Community Property Settlement"; and 2) Whether the trial court erred in finding the retirement benefits were not included in the agreement.
The defendant-husband argues that the trial court improperly excluded from evidence his testimony concerning his intentions in entering into the agreement. However, the record reveals that Mr. Lamartiniere testified as to what his intentions were when he signed the agreement. The transcript contains this exchange:
Q Mr. Spruill: Mr. Lamartiniere, in signing this document, what were your intentions?
A Mr. Lamartiniere: My intentions were that this would be a final and complete settlement of all differences that we had in reference to the divorce, the facts that met with the divorce, properties, debts, and any other assets that were of interest to Loretta and I.
This testimony was not objected to and it was admitted into evidence.
The question that was objected to was this:
"Following the signing of this document, did you feel you had the right *830 to bring any litigation against Mrs. Lamartiniere for any matters?"
Her attorney objected:
BY MR. KAPLAN:
Your honor, I object. I don't think it's important what he thought his rights were. The document, itself, would be the best evidence as to what his rights are, it is for the court to determine what rights either party has. It doesn't make any difference what his thoughts are, whether he has a legal right to do anything, or not do it.
The trial court sustained the objection.
The agreement between the parties in the present case was by authentic act. An authentic act constitutes full proof of the agreement it contains as against the parties. C.C. Art. 1835. Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act, unless to prove such circumstances as vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. C.C. Art. 1848. In the present case the appellant has not demonstrated any circumstance under which parol evidence would have been admissible to vary the terms of the agreement. What the appellant attempted to do was introduce parol evidence in order to interpret the legal consequences of the instrument. Such testimony was properly excluded.
As to the issue of whether the trial court erred in granting the wife an interest in the retirement benefits, the trial court in its written reasons for judgment stated as follows:
It is also well settled that when a husband and wife enter into an act of partition following dissolution of the community and property is inadvertently left out, or is omitted because it is mistakenly believed to be the separate property of one of the spouses, that does not estop either of the parties from subsequently demanding that the property omitted be partitioned. MOREAU V. MOREAU, 457 So.2d 1285 ([La.App.] 3rd Cir.1984).
The defendant does not challenge the validity of the foregoing rules, but contends that the written agreement entered into between the parties following the dissolution of the community was more than a simple partition of the assets of the community, whether listed or not. It cannot be denied that the agreement contains language usually employed in a compromise transaction, but it is equally true that transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties; Civil Code Article 3073. A reading of the agreement discloses that the parties went to great lengths to set out all of the differences which they intended to settle, and on the basis of those differences partitioned the assets they had under consideration down to the last tea-cup. It is inconceivable that so substantial an asset as the husband's retirement rights would have been omitted from the listed assets partitioned, if the parties intended to include them in the partition. The Court concludes, therefore, that the retirement rights of the husband were not intended to be included in the partition, and the agreement entered into by the parties does not bar the wife from pursuing her community interest therein.
We find no error in the trial court's findings. There is no language in the written agreement that would transfer the wife's interest in the husband's retirement, therefore each spouse continued as owner of one-half the value of the right to share retirement benefits in the proportion established in Sims v. Sims, supra. See Moreau v. Moreau, 457 So.2d 1285 (La.App. 3rd Cir.1984).
For the reasons assigned the judgment of the trial court is affirmed at defendant's cost.
AFFIRMED.