541 So.2d 375 (1989)
Ouida Thompson ROLLISON, Appellee,
v.
William Gerald ROLLISON, Appellant.
No. 20430-CA.
Court of Appeal of Louisiana, Second Circuit.
March 29, 1989.
*376 Woodrow Wilson, Bastrop, for appellant.
Dimos, Brown, Erskine, Burkett & Smith by Donald R. Brown, Monroe, for appellee.
Before HALL, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
Ouida Thompson Rollison and William Gerald Rollison were married on May 29, 1943. Their matrimonial domicile has always been Louisiana. Following a period of marital discord, they jointly petitioned to terminate the community of acquets and gains and the matrimonial regime pursuant to LSA-C.C. art. 2364. On July 13, 1983 a judgment was entered terminating the community of acquets and gains and the matrimonial regime and approving the community property settlement that the parties had agreed upon. The parties continued to live with each other intermittently until April of 1986.
Although Mr. Rollison was retired when the community property settlement was agreed upon, it made no mention of his retirement benefits. On April 24, 1987 Mrs. Rollison filed a petition alleging that through error Mr. Rollison's retirement benefits from Columbian Chemical had been omitted from the settlement and asking that a supplemental partition be entered recognizing her ownership of a pro rata share of his retirement benefits. By answer, Mr. Rollison denied that the settlement should be supplemented but asserted that if so he should share in the retirement benefits Mrs. Rollison was receiving. He also asked for a divorce. Mr. Rollison subsequently filed an exception of res judicata.
The trial judge overruled the exception, granted Mr. Rollinson a divorce, found Mrs. Rollinson was precluded from receiving alimony, and awarded Mrs. Rollison an amount equal to 47.15% of Mr. Rollison's retirement benefits, beginning July 13, 1983, subject to a credit for his share of her retirement benefits and one-half of the $4,993.00 he paid in 1985 federal income tax.
Mr. Rollison appeals with essentially two assignments of error:
(1) The court erred in overruling the exception of res judicata; and
(2) The court erred in supplementing the community property settlement.
Mrs. Rollison answered the appeal, asking that she be awarded legal interest from date of judicial demand until paid on the retirement benefits that Mr. Rollison received beginning June 13, 1983.
We amend and affirm.
Both parties recognize that one spouse's retirement benefits are community property in the proportion set forth in Sims v. Sims, 358 So.2d 919 (La.1978). Mr. Rollison began working for Columbian Chemicals on January 3, 1941, and began receiving retirement benefits April 23, 1983. At the time of the trial his benefits totaled $674.57 per month. Mr. Rollison began receiving his retirement benefits shortly *377 before the parties entered into the community property settlement, but the benefits were not included in the partition. Mrs. Rollison's uncontradicted testimony was that she did not know she was entitled to any of Mr. Rollison's retirement benefits and that they were never mentioned during the negotiations. Mr. Rollison admitted that he never mentioned his retirement income to Mrs. Rollison's attorney, who drew up the settlement. The attorney who filed the petition to terminate the community and drafted the community property settlement testified that she did so at Mrs. Rollison's direction and that Mrs. Rollison never mentioned the retirement benefits to her. Being unaware that benefits existed, the attorney did not ask the parties about them. The trial court concluded, without manifest error, that the omission of the retirement benefits from the community property settlement was mutual oversight.
Mr. Rollison's first assignment of error is that the trial judge should not have overruled his exception of res judicata. He cites Thibodeaux v. Thibodeaux, 511 So.2d 102 (La.App. 3d Cir.1987) and Zeringue v. Zeringue, 442 So.2d 1211 (La.App. 5th Cir. 1983), writ denied 445 So.2d 1229 (La.1984) for this proposition. Neither case is applicable to the appeal before us. In both Thibodeaux and Zeringue the plaintiff was attempting to rescind the partition, while in the instant case the plaintiff is only attempting to supplement it.
The necessary elements of res judicata are set out in LSA-R.S. 13:4231, which states:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in ther same quality.
Mr. Rollison's retirement benefits, the "thing demanded," were neither discussed in the negotiations nor divided in the prior settlement. Since the thing demanded is not the same, the exception of res judicata cannot stand. Matter of Succession of Sims, 464 So.2d 991 (La.App. 1st Cir.1985), writs denied 467 So.2d 532, 541 (La.1985). The common law "might have been pleaded" rule is inapplicable in Louisiana. Ryan v. Grandison Trust, 490 So.2d 317 (La. App. 1st Cir.1986), writ granted 496 So.2d 316 (La.1986). The trial judge did not err in overruling this exception.
Mr. Rollison's second assignment of error is that the trial judge erred in ordering the supplemental partition to divide his retirement benefits. He argues that the supplemental partition was precluded because Mrs. Rollison had waived her right to his retirement benefits in the community property settlement.
We are unpersuaded by Mr. Rollison's argument that the June 13, 1983 community property settlement contained a residual clause that waived Mrs. Rollison's right to claim the retirement benefits. The portion of the settlement on which he relies states:
The parties hereto agree that an inventory of the assets of the community of acquets and gains existing between them has been taken and that this settlement of the community is fair and equitable to each, and that all aspects of the financial condition at the time of the legal separation between the parties considered, each has received substantial equal value herein.
Nothing in this clause transfers the residual rights, nor provides a blanket waiver to prohibit supplementing the settlement.[1]
There is also no language in the June 13, 1983 community property settlement which would transfer Mrs. Rollison's interest in Mr. Rollison's retirement benefits. Community property which is not disposed of by the community property settlement *378 agreement remains owned in indivision by the parties. Adams v. Adams, 503 So.2d 1052 (La.App. 2d Cir.1987); Lamartiniere v. Lamartiniere, 520 So.2d 828 (La. App. 3d Cir.1987). All persons who hold property in common may seek a partition. LSA-C.C. art. 1308; Moreau v. Moreau, 457 So.2d 1285 (La.App. 3d Cir.1984). When neither party mentions retirement pay during negotiations and settlement, the failure to include the retirement pay in the settlement agreement is a "mere omission" which can be amended by a supplemental partition. LSA-C.C. art. 1401; Moreau v. Moreau, supra; Moon v. Moon, 345 So.2d 168 (La.App. 3d Cir.1977), writ denied 347 So.2d 250 (La.1977).
As we have mentioned, the retirement benefits are not included in the community property partition. The uncontradicted testimony at trial was that they were not contemplated or mentioned during negotiations. The supplemental partition was the proper means of resolving the issue. There is no merit in appellant's second assignment of error.
Mrs. Rollison answers the appeal[2] arguing that the trial court erred in failing to award her legal interest on the sums due her from date of judicial demand until paid. Legal interest which is not prayed for nor provided by law cannot be awarded on appeal. C.C.P. art. 1921. Although Mrs. Rollison did not pray for interest in her petition, a judgment may and should include an award of legal interest on the principal amount of the judgment where legal interest is authorized by code article or statute even though it is not prayed for. LSA-C. C.P. art 862; Security Home Mortg. Corp. v. Bogues, 519 So.2d 307 (La.App. 2d Cir. 1988); Mini-Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App. 2d Cir.1987) writs denied 515 So.2d 447, 451 (La.1987). Legal interest is due on all sums which are the object of a judicial demand. LSA-C.C. art. 2924; Mini-Togs Products, Inc. v. Wallace, supra. Thus Mrs. Rollison is entitled to receive legal interest from date of judicial demand until paid. See Anderson v. Anderson, 520 So.2d 1236 (La.App. 5th Cir.1988), writ denied 521 So.2d 1187 (La. 1988); Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). The judgment is amended to grant Mrs. Rollison legal interest on all sums due and unpaid from date of judicial demand until paid. As amended, the trial court's judgment is affirmed.
Costs of this appeal are assessed to Mr. Rollison.
AMENDED AND AFFIRMED.
NOTES
[1] We distinguish this case from Chrisman v. Chrisman, 487 So.2d 140 (La.App. 4th Cir.1986) in which there was an ambiguous clause waiving one party's rights against the community and the trial judge found that the wife's conduct both before and after the partition indicated that she had intended to waive her rights to her husband's retirement benefits. There is no such clause in the instant case and Mrs. Rollison's conduct certainly does not indicate a waiver.
[2] Her other assignments were not briefed or argued, and are therefore considered abandoned.