706 So.2d 654 (1998)
Anita Rock FAUCHEUX
v.
Joseph Theodore FAUCHEUX.
No. 97-CA-1369.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1998.
Leslie A. Bonin, New Orleans, for Plaintiff-Appellee Anita Rock Faucheux.
Raymond C. Burkart, Jr., New Orleans, for Defendant-Appellant Joseph Theodore Faucheux.
Before SCHOTT, C.J. and KLEES and CIACCIO, JJ.
KLEES, Judge.
In November of 1973, Joseph and Anita Rock Faucheux, both New Orleans Police Officers, were married. The couple separated in 1979 and divorced in December of 1981. A "Compromise and Settlement of Community of Acquets and Gains" was executed by both parties in May of 1981. The compromise was silent, however, as to the pension benefits. Thereafter, in 1992, Ms. Anita Faucheux filed a Petition to Partition Pension Benefits and on January 21, 1997, the trial court held she was entitled to such relief. Mr. Faucheux appeals this ruling. The sole issue presented to this court is whether Ms. Anita Faucheux is precluded from pursuing any claims to the pension benefits by the language in the 1981 compromise and settlement agreement.

STANDARD OF REVIEW
The general rule of appellate review is that the trier of fact is in the best posture to decide the factual issues. The trier of fact's decision is entitled to a great deference and will be reversed only if it is manifestly erroneous or clearly wrong. La. Const.1974, Art. V, Sec. 10(B). If there is a conflict of testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Rosell v. ESCO, 549 So.2d 840 (La.1989). In the case sub judice, there is a direct conflict in testimony regarding the inclusion or exclusion of the pension benefits from the compromise and settlement. Hence, we are not in a position to say that the trial court was manifestly erroneous in its decision for the reasons set forth below.

JURISPRUDENCE
The issue of whether a pension was considered in property settlement discussions is a question of fact, with the fact-finder afforded much discretion. Hare v. Hodgins, *655 567 So.2d 670 (La.App. 5 Cir.1990).[1] Both parties rely on that case for very different reasons. There the couple was married in 1951, separated in 1976, partitioned the property in 1977, and divorced in 1978. In 1988, the ex-wife filed a petition for supplemental partition of the retirement benefits. The original community property settlement was silent as to retirement benefits and had no specific waiver of rights language. The contract merely indicated there were no other assets of the community. The court affirmed the trial court's finding the wife was entitled to a supplemental partition of the community asset, namely the retirement benefits. Thus, under Hare, if there is merely standard language liquidating the community, with no mention of the retirement benefits, a spouse may partition for his or her share of the retirement benefits.
In Moreau v. Moreau, 457 So.2d 1285 (La. App. 3 Cir.1984), the ex-wife was allowed to partition the military retirement benefits.[2] The court found that since there was no language transferring the ex-wife's interest in the retirement benefits, she did not waive her rights. The language in the original community property settlement read:
As a result of the transfers and agreements made herein, the parties hereby mutually discharge each other from any further accountings of the community which formerly existed between them, the same being fully liquidated as above set forth.
Accordingly, each spouse continued as owner of the retirement benefits and was entitled to a supplemental partition. La. C.C. art. 1401. T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975).
In Chrisman v. Chrisman, 487 So.2d 140 (La.App. 4 Cir.1986), another military retirement case, the ex-wife attempted to supplement the original community property settlement based on the retirement benefits. The original community property settlement, with the typographical errors, read:
Alfred B. Chrisman [sic][3] hereby waives any and all other rights that she has or may have against the community existing between Shirley Martin Chrisman and Alfred B. Chrisman.
The contract contained some typographical errors, however, this court found the parties intended the contract to be a final disposition of the property. They were aware of the retirement benefits at the time of the partition, the ex-wife's answer to the petition for divorce referred to the retirement benefits, the ex-wife requested increases in alimony due to the ex-husband's increases in retirement payments, and the ex-wife admitted she knew the retirement benefits were community property. The ex-wife's conduct before and after the partition indicated she waived her right to this property.
The Chrisman decision was followed in Brignac v. Brignac, 96-1702 (La.App. 3 Cir. 6/18/97), 698 So.2d 953. In this case, there was similar language in the original community property settlement as well as a side agreement, which was drafted by the ex-wife's law firm, and read:
It is further agreed and stipulated that by execution of this community property settlement, AUDREY DESORMEAUX will drop all suits before the Courts and will not pursue any further litigation against RAY BRIGNAC resulting from the marriage between them or claim alimony hereafter.
Any ambiguity in the contracts is construed against the party who drafted the document who, in that case, was the ex-wife. The court held,
We conclude that the side agreement effected a valid compromise and Ms. Brignac waived any right that she may have had to *656 a portion of Mr. Brignac's retirement benefits. Id. at 957.
In our case, the community property settlement was drafted by Ms. Faucheux's attorney, Mr. Frank D'Amico. The language in the settlement reads:
The parties, by these presents, do waive the formality of an inventory and agree to bear the costs of the same, if any, between them and discharge each from any other accounting to the community which formerly existed between them; the same being fully liquidated as above set forth...
Mr. D'Amico and Ms. Faucheux testified the pension benefits were not discussed at the signing. To the contrary, Mr. Faucheux and his attorney, Thomas Giraud, testified the parties discussed the pensions and agreed that each side would keep their pensions since the benefits were about equal. Ms. Faucheux also testified she knew about the pension benefits, however, the record does not indicate if she knew that she was entitled to a partitioning of the pension benefits. Thus, there is nothing conclusive to show the pensions were discussed and the parties intended to include these in the partition. See Mailhes v. Mailhes, 579 So.2d 1003 (La.App. 5 Cir.1991), writ den., 586 So.2d 563 (La.1991).
Unlike Chrisman, where there was overwhelming evidence of the ex-wife's knowledge that the pension benefits were a community asset, and Brignac, where there was a separate side agreement not to sue, we only have Ms. Faucheux's knowledge that she had a pension. There was no waiver of her rights to the benefits.
The trial judge made a credibility call and reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed on appeal. For these reasons, the judgment is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs in the result.
SCHOTT, Chief Judge, concurring in the result.
LSA-C.C. Art.2051 is applicable to this case. It provides:
Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include.
In order to determine whether the parties intended to include the settlement of appellant's pension with the general language of the concluding paragraph of the agreement the trial court properly heard the testimony of the parties and their witnesses and had to resolve the conflicts in this testimony. Such resolution is the function of the trial court and should not be disturbed unless it is manifestly erroneous. Because it is not, the judgment is properly affirmed.
NOTES
[1] This case has a long procedural history, however, the subsequent opinions are irrelevant to the narrow issue before this court.
[2] The line of cases dealing with military benefits also considered issues presented by McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and Pub.L. 97-252, Title X, § 1002(a), 10 U.S.C.A. § 1408(c)(1), effective February 1, 1983, which legislatively overruled it. These issues are not present in our case since we are not dealing with a federal military pension.
[3] In the opinion the court recognized this as an obvious typographical error.