WILLIAMS, J.
liThe plaintiff, Claudine McCoy Delaney, appeals a judgment in favor of the defendant, Mack McCoy. The district court sustained the defendant’s exception of res judicata, finding that the court in the prior proceedings had determined that the retirement benefits were not a community asset, and that the parties’ community property settlement agreement was a compromise of all claims against the former community regime. For the following reasons, we reverse and remand for further proceedings.
FACTS
The parties were married in November 1973. During the marriage, Mack McCoy (“Mack”) was employed by the Shreveport Fire Department. In June 1979, Mack filed a petition for separation. A judgment of separation was rendered terminating the parties’ community property regime as of June 27, 1979. In September 1979, Claudine McCoy Delaney (“Claudine”) filed a petition for settlement of community property. After a trial, the court rendered judgment in open court in December 1979 listing the community assets and ordering partition by licitation. On January 16, 1980, the parties signed a “Community Property Settlement,” which divided the community assets among the parties. Neither the court’s judgment nor the parties’ settlement referred to any retirement benefits. The settlement agreement apparently was not filed in the suit record of docket #24,395. On January 29, 1980, upon joint motion of the parties, the trial court signed an order dismissing the case with prejudice.
In January 2008, 28 years later, Mack retired and began receiving his pension benefits. In February 2009, the plaintiff, Claudine, filed a petition | ato partition community property, along with a Detailed Descriptive List. The defendant, Mack, filed exceptions of res judicata, no cause and no right of action. The district court denied the exception of res judicata, finding that the thing demanded in 1979 was not the same as that of the present action, because the defendant’s retirement benefits could not have been litigated before his retirement. The defendant filed a motion for rehearing on the exception and attached a copy of the 1980 community property settlement to his memorandum.
In December 2009, the district court rendered judgment sustaining the defendant’s exception of res judicata. The court issued written reasons for judgment, finding that the court in the prior proceedings had determined that the retirement benefits were not a community asset, because the prior judgment did not list the defendant’s retirement benefits as community property. In addition, the court found that the parties’ written community property agreement was a settlement of all of their claims against the former community. The court denied defendant’s exceptions of no right and no cause of action. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting the exception of res judi- *329 cata. In several assignments of error, the plaintiff argues that ±he district court incorrectly found that the issue of retirement benefits had been previously adjudicated, based upon the omission of such benefits from the list of community assets in the prior judgment and the community property settlement signed by the parties.
|3The burden of proof is on the party pleading the exception to establish the essential facts to sustain the plea of res judicata. Bond v. Bond, 35,971 (La.App.2d Cir.4/3/02), 813 So.2d 1148. When a litigant interposes a plea of res judicata, the court must examine not only the pleadings, but the entire record in the first suit to determine whether the particular form of the relief sought in the second suit was actually ruled upon. Louisiana Business College v. Crump, 474 So.2d 1366 (La.App. 2d Cir.1985).
In the present case, the district court mentioned the record of the previous proceedings in granting the exception of res judicata. However, neither the record of the first lawsuit nor the resulting judgment was introduced into evidence at the hearings held in April and October 2009. After the appeal was filed, this court issued an order giving the parties an opportunity to comment on this omission. Delaney v. McCoy, 46,103 (La.App.2d Cir.10/28/10). In response, neither party could specify a place in this record where the prior suit record or judgment had been actually introduced into evidence. Additionally, the record pages that would have listed any exhibits filed into evidence contained the notation “(NONE)” for each of the hearings in the district court.
Nor does this record show that either party introduced into evidence the community property settlement, which the parties purportedly signed in 1980. There was no discussion of this settlement at the April 2009 hearing. Subsequently, at the hearing on defendant’s motion for rehearing of the exception, before listening to any argument, the court immediately stated it Rwould “upset the hearing without refixing” and instructed the parties’ counsel to submit written memoranda summarizing their arguments, after which the court would take the matter under advisement. Although the defendant had attached a copy of the community property settlement to his memorandum filed in support of his motion for rehearing, this court cannot consider an exhibit filed in the record as an attachment to a memorandum in determining the issues on appeal; exhibits which were not filed into evidence in the trial court are not properly part of the record on appeal. Reed v. Peoples State Bank of Many, 36,531 (La.App.2d Cir.3/5/03), 839 So.2d 955; Union Planters Bank v. Commercial Capital Holding Corporation, 04-0871 (La.App. 1st Cir.3/24/05), 907 So.2d 129.
Moreover, there is no provision in the law for this court to take judicial notice of a suit record from another court. Bond, supra; Louisiana Business College, supra; Union Planters Bank, supra. To the contrary, U.R.C.A. Rule 2-1.7 expressly provides that no record of another case (or prior record in the same titled and numbered case) shall be included in the record, unless such other record has been introduced in evidence at trial in the case on appeal. Consequently, it was incumbent upon the defendant, as the party pleading the exception, to introduce into evidence at the hearing in district court the suit record for docket # 24,395, the prior judgment and the community property settlement. By failing to introduce the requisite documentary evidence, the defendant did not meet his burden of proof on the exception.
|sBased upon the evidence presented, the record before this court contains no *330 proof demonstrating that this matter has been previously adjudicated. Accordingly, we must reverse the judgment sustaining the exception of res judicata and remand this matter for further proceedings. The appellee filed a motion to supplement the appellate record with copies of a motion to dismiss and an order of dismissal. Because the documents offered were not introduced into evidence in the district court, the appellee’s motion to supplement the appellate record is denied.
CONCLUSION
For the foregoing reasons, the district court’s judgment sustaining the exception of res judicata is reversed and this matter is remanded for further proceedings consistent with this opinion. The appellee’s motion to supplement the appellate record is hereby denied. Costs of this appeal are assessed to the appellee, Mack McCoy.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS; MOTION DENIED.
BROWN, Chief Judge, concurs with written reasons.