GASKINS, J.
I,The plaintiff, Claudine Mason McCoy Delaney, appeals from a trial court judgment granting an exception of res judicata in favor of the defendant, Mack Allen McCoy, Sr., finding that their prior community property settlement disposed of any claims Ms. Delaney had to Mr. McCoy’s retirement benefits. For the following reasons, we reverse and remand the matter to the trial court for further proceedings.
FACTS
The parties were married on November 16, 1973. On June 27, 1979, Mr. McCoy filed a petition for separation. On July 10, 1979, a judgment of separation was entered terminating the community property regime between the parties. On September 19, 1979, Ms. Delaney filed a petition for settlement of the parties’ community property. Mr. McCoy worked for the Shreveport Fire Department. During the course of the proceedings, Ms. Delaney propounded interrogatories to Mr. McCoy regarding the existence of a retirement plan, profit sharing, or stock purchase plan. He answered, “the parties have no vested interest in any retirement plan.”
Trial was held on the matter and on December 14, 1979, a judgment was entered, ordering that the community property be partitioned and setting forth which items of the former community were to be partitioned in kind and which were to be partitioned by licitation. The judgment did not mention retirement benefits. On January 16, 1980, the parties entered into an extrajudicial agreement partitioning the community property in kind. The agreement was not filed into the suit record. No mention was made in the agreement of retirement benefits. On January 29, 1980, on joint motion 12of the parties, the trial court signed a judgment dismissing the case with prejudice.
In December 2007, Mr. McCoy retired from the fire department. In 2008, Ms. Delaney filed a supplemental petition for partition of community property, alleging that Mr. McCoy’s retirement benefits accruing during the marriage had been omitted from the prior community property partition. She alleged that the parties were married for 2,050 days and she requested her proportionate share of Mr. McCoy’s retirement benefits as well as her share of his retirement benefits deposited during Mr. McCoy’s participation in the deferred retirement option program (DROP).
Mr. McCoy filed exceptions of res judi-cata and no right and no cause of action. The trial court denied the exceptions. Mr. McCoy filed a motion for rehearing in the trial court, alleging the discovery of the prior extrajudicial community property settlement agreement. He claimed that the document contained language of transaction and compromise. The trial court granted the rehearing and granted the exception of res judicata. In reasons for judgment, the trial court stated:
As the record reflects this matter was before the Court in 1979 on a partition suit and the judgment of the trial court in 1979 case [was] that the Court at that time found that Mr. McCoy had no retirement benefits that were accrued during the community. As a matter of fact, the Court in 1979 found that Mr. McCoy had no retirement benefits which were community property, and as a matter of fact, were not listed in the list of assets recognized as community property in *848 the judgment. Subsequent to the judgment rendered in 1979 the parties entered into a voluntary transaction and compromise, entitled “Community Property Settlement” and in this community property settlement it indicates that there was a settlement of all claims that either party have or may have against the community of acquets and gains formerly existing. The | jurisprudence is clear that compromise and transaction has the authority of a thing adjudged and forms the basis of Res Judicata.
Ms. Delaney appealed the trial court decision granting the exception of res judicata. See Delaney v. McCoy, 46,103 (La.App.2d Cir.4/13/11), 63 So.3d 327. She argued that the trial court incorrectly found that the issue of retirement benefits had been previously adjudicated based on the omission of those benefits from the list of community assets in the prior community property settlement. This court noted that the trial court mentioned the record of the prior proceedings in granting the exception of res judicata, but the record of the prior lawsuit, the judgment, and the extrajudicial community property settlement were not introduced into evidence. We found that it was incumbent upon Mr. McCoy, as the party pleading the exception of res judicata, to introduce into evidence in the trial court the suit record in the prior case, the prior judgment, and the community property settlement. By failing to introduce these documents into evidence, we found that Mr. McCoy did not meet his burden of proof. This court denied Mr. McCoy’s motion to supplement the record with the absent documents because they were not introduced into evidence in the trial court. We reversed the trial court judgment and remanded for further proceedings.
On remand, a hearing was held in the trial court in June 2011. All pertinent suit records regarding the partition were filed into evidence along with the extrajudicial community property settlement. On August 17, 2011, the trial court signed a judgment again granting the exception of res | /judicata and denying the exceptions of no right and no cause of action. The trial court incorporated the reasons for judgment given for the prior judgment. Ms. Delaney again appealed.

RES JUDICATA

In the present appeal, Ms. Delaney urges that the trial court erred in finding that consideration of partition of the retirement benefits was barred by res judi-cata. She argues that the trial court erred in granting the exception of res judicata based upon the reasoning that no retirement benefits were contained in the detailed descriptive list in the community property partition, and therefore, the trial court, in 1979, made a finding that the retirement benefits were not community property. This argument has merit.
Discussion
The law on community property partitions has changed since the original proceedings in this matter. In 1979-1980, during the prior community property partition, the “item theory” of partition in kind applied. Under that theory, it was necessary that each particular community effect be capable of division between the spouses. Normally, community property consists of different assets not capable of “item by item” division in kind. If property could not be partitioned in kind, it was partitioned by licitation. In 1982, La. R.S. 9:2801 was enacted which adopts the “aggregate theory” of partition whereby different assets of equal value are allotted to each spouse, provided that the property each ultimately receives is of equal net value. IsSee Katherine S. Spaht and Richard D. Moreno, Matrimonial Regimes *849 § 7.26, in 16 Louisiana Civil Law Treatise (3d ed.2007).
The parties agree that the law on res judicata has changed since 1979 and 1980 when the hearing on the partition was held and the settlement agreement was entered, that those changes were substantive, and that the prior law is applicable to this matter. The exception of res judicata is currently governed by La. R.S. 13:4231. This statute became effective on January 1, 1991, and applies to all civil actions filed on or after that date. The preclusive authority of a judgment rendered in an action filed before January 1, 1991, shall be determined by the law in effect prior to that date. Acts 1990, No. 521, § 5. See also Thurston v. Thurston, 31,895 (La.App.2d Cir.8/20/99), 740 So.2d 268. Thus, the law of res judicata applicable to the present case is set forth in former La. C.C. art. 2286:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Under this provision, for res judicata to apply, there must be: 1) an identity of the parties; 2) an identity of “cause”; and 3) an identity of the thing demanded. The words “cause of action” as used in the statute are interpreted to mean “cause.” The civilian concept of cause is the juridical or material fact which is the basis of the right claimed, or the defense pleaded. The “thing demanded” has been defined as the “kind of relief sought.” Thurston v. Thurston, supra; Gautney v. Gautney, 35,398 (La.App.2d Cir.4/3/02), 814 So.2d 717.
|fiThe doctrine of res judicata is strictly construed. Any doubt regarding compliance with its requirements is to be resolved in favor of maintaining the plaintiffs action. Thurston v. Thurston, supra. The party urging the exception of res judi-cata has the burden of proving each essential element by a preponderance of the evidence. The absence of any of these requisite elements is fatal to a plea of res judicata. Thurston v. Thurston, supra. See Blalock v. Blalock, 312 So.2d 366 (La.App.2d Cir.1975).
Numerous cases have dealt with facts similar to those in the present ease where retirement benefits were not included in a community property partition or settlement. One spouse’s retirement benefits are community property in the proportion set forth in Sims v. Sims, 358 So.2d 919 (La.1978).[1] Community property which is not disposed of by the community property settlement agreement remains owned in indivisión by the parties. Rollison v. Rollison, 541 So.2d 375 (La.App.2d Cir.1989); Mire v. Mire, 2006-511 (La.App.3d Cir.9/27/06), 962 So.2d 1. All persons who hold property in common may seek a partition. La. C.C. art. 1308; Rollison v. Rollison, supra.
17Under the section of the Civil Code dealing with the rescission of partition of succession properties, the mere *850 omission of a thing belonging to the succession is not ground for rescission, but simply for a supplementary partition. La. C.C. art. 1401. By analogy, this principle applies to the partition of the community, When co-owned property is omitted from the spouse’s partition, the jurisprudence holds that each spouse continues as co-owner and is entitled to a supplemental partition. Sullivan v. Sullivan, 42,923 (La.App.2d Cir.2/13/08), 976 So.2d 329, writ denied, 2008-0816 (La.6/6/08), 983 So.2d 921; Rollison v. Rollison, supra. Even when an original partition explicitly purports to be a full and final property settlement between the spouses, the courts have allowed supplemental partitions of omitted assets when the facts and intent of the parties warrant it. Sullivan v. Sullivan, supra; Mire v. Mire, supra; Goodwyne v. Goodwyne, 94-0079 (La.App.4th Cir.6/30/94), 639 So.2d 1210, writ denied, 94-2035 (La.11/4/94), 645 So.2d 211; Moreau v. Moreau, 457 So.2d 1285 (La.App.3d Cir.1984).
When neither party mentions retirement pay during negotiations and settlement, the failure to include the retirement pay in the settlement agreement is a “mere omission” which can be amended by a supplemental partition. La. C.C. art. 1401; Rollison v. Rollison, supra; Succession of Tucker, 445 So.2d 510 (La.App.3d Cir.1984), writ denied, 447 So.2d 1077 (La.1984).
 The issue of whether a pension was considered in property settlement discussions is a question of fact, with the factfinder afforded much ^discretion. Faucheux v. Faucheux, 97-1369 (La.App.4th Cir.1/28/98), 706 So.2d 654, writ denied, 98-0482 (La.4/9/98), 717 So.2d 1146. Where one spouse knows of pension rights, but there is no clear showing that there was a discussion and waiver of those rights, the claiming spouse retains the right to seek a supplemental partition of the pension benefits. See Faucheux v. Faucheux, supra.
The record shows that in the proceedings held in 1979 and 1980, the only mention of retirement benefits was one interrogatory propounded by Ms. Delaney to Mr. McCoy. Mr. McCoy answered that there was no “vested interest” in retirement benefits. There was no further discussion of retirement benefits. Retirement benefits were not mentioned in the trial to partition the community. Following that hearing, in oral reasons for judgment, the trial court meticulously set forth the disputed items of property considered at that hearing, and announced its decision as to the classification of each item as separate or community property. The trial court found that the proceeds from the sale of timber and cattle were Mr. McCoy’s separate property. A certificate of deposit in the original amount of $3,000, purchased by Mr. McCoy, was found to be community because funds had been comin-gled. However, the trial court found that Mr. McCoy was entitled to the original $3,000. The mobile home that parties had lived in was found to be Mr. McCoy’s separate property. A note for $5,000 executed a few days after the marriage to facilitate the purchase of the mobile home was found to be a community debt for which no reimbursement was due. There was then some discussion off the record |9concerning division of motor vehicles owned by the parties. There was no discussion or decision regarding retirement benefits.
A written judgment was signed and filed on January 18, 1980, partitioning the community. The trial court ordered that the community owed the separate estate of Mr. McCoy $26,943.84. The mobile home was decreed to be Mr. McCoy’s separate property. Each party was found to be in *851 possession of approximately $9,651 of former community funds which they were allowed to retain. The trial court listed several items of movable property and immovable property of approximately three acres that was not subject to being partitioned in kind. The trial court directed a partition by licitation of those items and ordered a sale, with the proceeds to be divided between the parties. There was no mention in the judgment of retirement benefits. The partition by licitation was avoided when the parties entered into an extrajudicial community property settlement, dividing the items in kind. The record fails to show that retirement benefits were considered in that agreement.
In the present matter, there is an identity of the parties and an identity of cause. However, the thing demanded is not the same. Mr. McCoy argues that the thing demanded in the 1979 partition was all assets and liabilities of the community estate. The record shows that even though all assets were demanded, there was no consideration of the existence of and entitlement to a pro rata share of Mr. McCoy’s retirement benefits in the prior partition proceedings. There was no express waiver by Ms. Delaney of her pro rata share of any retirement benefits she might be entitled to. See and compare | ^Gautney v. Gautney, supra; Thurston v. Thurston, supra. The record is clear that retirement benefits were not divided or waived in prior proceedings. The trial court’s statement in this case that the trial court in 1979 found that Mr. McCoy had no retirement benefits is erroneous and is not supported by the record. According to the jurisprudence, if any retirement benefits accrued during the marriage of the parties, then Ms. Delaney is entitled to a pro rata share that has not been divided, is still co-owned by the parties in indivisión, and is now properly subject to a supplemental partition. Because the thing demanded in the present suit is not the same as that demanded in the prior proceedings, Ms. Delaney’s claim is not barred by res judi-cata. See Rollison v. Rollison, supra; Blalock v. Blalock, supra. See and compare Sullivan v. Sullivan, supra. The trial court’s judgment in this matter, granting Mr. McCoy’s exception of res ju-dicata, was erroneous and is reversed.
TRANSACTION AND COMPROMISE
Ms. Delaney contends that the trial court erred in finding that the matter is res judicata by reasoning that the language within the parties’ extrajudicial settlement agreement had the effect of a transaction and compromise barring supplemental partition of retirement benefits accrued during the parties’ marriage. This argument has merit.
Discussion
At the time of the prior proceedings in 1979 and 1980, La. C.C. art. 3071 provided:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a Inlawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
At that time, La. C.C. art. 3073 stated:
Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a *852 general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made to all rights, claims, and pretensions, extends only to what relates to the differences on which the transaction arises.
Former La. C.C. art. 3078 stated:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
In the present case, the extrajudicial community property settlement entered into by the parties in 1980 stated:
It is further understood and agreed that this settlement includes the settlement of all claims which Mack Allen McCoy and Claudine Mason McCoy, or either of them, have or may have against the community of acquets and gains formerly existing between Mack Allen McCoy and Claudine Mason McCoy in favor of either of their separate estates.
Each party acknowledges that he and she received in said partition, property equal in value to that conveyed herein and the agreement of each party being entered into herein for the consideration of settling the dispute existing between the parties hereto with reference to the partition and liquidation with reference thereto.
112The trial court found that this language constituted a transaction and compromise which barred Ms. Delaney from now claiming entitlement to retirement benefits that were omitted from the prior partition. The jurisprudence does not support the trial court’s decision.
In Robinson v. Robinson, 1999-3097 (La.1/17/01), 778 So.2d 1105, the Louisiana Supreme Court considered the issue of whether boilerplate language in a community property agreement precluded the former wife from later seeking her portion of the former husband’s retirement benefits. That language stated:
Husband and Wife further agree that they have hereby accomplished a complete liquidation of the community of acquets and gains formerly existing between them, and they do accordingly hereby mutually release and forever discharge each other from any and all further claims and demands and any and all further accounting between them. It is the intention of the parties that henceforth there shall.be, as between them, only such right and obligations as are specifically provided for in this Agreement, and the parties acknowledge that the allocation made to them has resulted in each party’s receiving an equal share of the community property.
[[Image here]]
The Wife, for herself, her heirs, executors, administrators, and assigns, hereby releases and relinquishes unto the Husband, his heirs, executors, administrators, and assigns, all right of future support, all right of dower, inheritance, descent, and distribution, and right to dissent from his will, and any and all other rights arising out of their marriage relationship, and to any and all property or interest in property, real, personal, and mixed, now owned or hereafter acquired by Husband, and hereby agrees that Husband henceforth may acquire, hold, manage, alienate, lease, and convey his property without her knowledge, further consent, or join-der, in accordance with the provisions of law, the same as if she never had been married to him, and further does hereby release, relinquish, and renounce any *853 and all right to administer upon his estate.
[[Image here]]
|1RHusband and Wife have accomplished a complete liquidation and division of their property in full settlement of all of their property rights, ... under the community of acquets and gains laws in the State of Louisiana, or any other provision of the law of any other jurisdiction, statutory or otherwise, and hereby ratify the division of such property, and agree that the same amounts to an equitable division of their property.
The supreme court found that this language did not transfer the former wife’s interests in the former husband’s pension plan to him. According to the supreme court, Louisiana jurisprudence is clear; general divestiture language does not necessarily divest the non-employee spouse of his or her right in the employee spouse’s pension. When the agreement does not expressly address the employee spouse’s pension, the issue of whether the agreement divests the non-employee spouse of any community property rights in the pension depends upon the intent of the parties. See also Gautney v. Gautney, supra. In Robinson, the pension plan was not listed in the parties’ agreement nor was it discussed as part of the settlement. Therefore, the supreme court found that the pension was not partitioned. Both parties were co-owners in indivisión of the pension benefits and the former wife could seek to partition this asset.
In the case of Sherrill v. Sherrill, 25,889 (La.App.2d Cir.6/22/94), 639 So.2d 794, this court addressed a similar argument where the husband claimed that a community property settlement contained a residual disposition clause which barred the wife from seeking a supplemental partition of retirement benefits. In Sherrill, the clause stated:
As a result hereof, the parties hereto discharge each other from any further accounting to the community formerly existing 114between them, or to each other, the same being fully liquidated as set forth above.
The former husband argued that this language barred the former -wife’s later claim for her share of his retirement benefits. This court rejected that argument, finding that, because there was nothing in the settlement specifically addressing retirement benefits, the former wife’s rights were preserved. We also found that none of the provisions contained in the community property settlement transferred ownership of the former wife’s interest in retirement benefits to her former husband.
This court’s reasoning was based in part on Moreau v. Moreau, supra, where the parties’ community property settlement did not mention Mr. Moreau’s retirement benefits. Mrs. Moreau later sought her share of those benefits. Mr. Moreau claimed that the following clause barred Mrs. Moreau from receiving the retirement benefits:
As a result of the transfers and agreements made herein, the parties hereby mutually discharge each other from any further accountings of the community which formerly existed between them, the same being fully liquidated as above set forth.
The court in Moreau found that this provision did not constitute a waiver of the former wife’s rights to her share of the former husband’s retirement benefits. See also Succession of Tucker, supra.
Similarly, in Lamartiniere v. Lamartiniere, 520 So.2d 828 (La.App.3d Cir.1987), the parties executed a community property settlement agreement entitled, “Act of Compromise, Partition, and Community Property Settlement.” The agreement did *854 not include partition of retirement benefits, but the former husband claimed that it was intended to be a final ||Sand complete settlement of all differences the parties had in reference to the divorce.
The court found that even though the agreement contained language that usually is employed in a compromise transaction, such agreements regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, citing former La. C.C. art. 3073, set forth above. The court observed that the agreement disclosed that the parties went to great lengths to set out all of the differences they intended to settle and partitioned the assets they had under consideration “down to the last tea-cup.” According to the court, it was inconceivable that so substantial an asset as the husband’s retirement rights would have been omitted from the listed assets partitioned, if the parties intended to include them in the partition. The court concluded that the retirement rights of the former husband were not intended to be included in the partition, and the agreement entered into by the parties did not bar the former wife from pursuing her community interest therein. Lamartiniere v. Lamartiniere, supra.
In Gautney v. Gautney, supra, the principles set forth in Robinson v. Robinson, supra, dealing with contractual community property partitions were extended to partition judgments. This court stated that, “Although Robinson dealt with a contractual partition and compromise and not a partition judgment as in this case, the preclusive effect rejected by Robinson likewise does not apply in this case.”
|ifiIn this case, there is no showing that the parties considered Mr. McCoy’s retirement benefits in the litigation and judgment dividing community assets, or in the extrajudicial community property settlement. The jurisprudence is clear that, without a showing that Ms. Delaney expressly waived her rights to retirement benefits, or that the value of the retirement benefits was used to calculate the division of the property, residual disposition language did not constitute a transaction and compromise. Ms. Delaney is not barred from asserting her alleged right to her pro rata share of Mr. McCoy’s retirement benefits. We reverse the trial court judgment granting Mr. McCoy’s exception of res judicata and remand for further proceedings.[2]
CONCLUSION
For the reasons set forth above, we reverse the trial court judgment granting an exception of res judicata in favor of the defendant, Mack Allen McCoy, Sr. We remand this matter to the trial court for further proceedings. Costs in this court are assessed to Mr. McCoy.
REVERSED AND REMANDED.

. Sims v. Sims, supra, provided the following formula for dividing a pro rata community property interest in a former spouse’s retirement benefits:
Portion of pension attributable to creditable service during the existence of community
_X ½ X annuity (or lump sum payment)
Pension attributable to total creditable service See also Hare v. Hodgins, 586 So.2d 118 (La. 1991).

. We note that there may be an issue as to whether Mr. McCoy actually contributed to a retirement system during his marriage to Ms. Delaney. The statewide Firefighters’ Retirement System was instituted by La. R.S. 11:2251, and went into effect on January 1, 1980. Ms. Delaney alleges that, although the Firefighters' Retirement System did not go into effect until January 1, 1980, Mr. McCoy had paid into some other fund or system and that those assets were transferred to the Firefighters' Retirement System. The issue of the existence of and entitlement to retirement benefits are issues to be litigated on remand in light of Frazier v. Harper, 600 So.2d 59 (La.1992) and Smith v. Smith, 36,910 (La.App.2d Cir.3/14/03), 839 So.2d 1255.