BROWN, Chief Judge.
|,Twenty-eight years after a judgment of marital separation and an entry of community property settlement, and upon defendant Mack Allen McCoy’s retirement, plaintiff, Claudine Mason McCoy Delaney, filed a supplemental petition for partition of community property seeking a pro rata share of defendant’s retirement benefits based on the number of years of marriage. The district court sustained defendant’s exception of res judicata. This court reversed and remanded in Delaney v. McCoy, 46,103 (La.App.2d Cir.04/13/11), 63 So.3d 327, finding that defendant had failed to introduce the community property settlement and other evidence of the prior proceeding. On remand, the district court received the evidence and denied exceptions of no cause or right of action but again sustained the exception of res judi-cata. This court again reversed and remanded for trial. See Delaney v. McCoy, 47,240 (La.App.2d Cir.06/20/12), 93 So.3d 845.
Now, plaintiff appeals from the trial court’s judgment in favor of defendant which found that, in accord with Hare v. Hodgins, 586 So.2d 118 (La.1991), plaintiff was entitled to retirement benefits based upon the rank of driver which defendant, who retired as deputy chief, held with the Shreveport Fire Department at the termination of the community regime in 1979. We affirm in part, reverse in part, and remand for further proceedings.
Facts and Procedural Background[1]
Defendant began working for the Shreveport Fire Department on |?November 17, 1969. Through his employment with the department, defendant accrued retirement benefits. From May 1, 2004, through April 30, 2007, defendant was in a Deferred Retirement Option Plan (“DROP”). He retired from the department on January 1, 2008, having accumulated a total 38.1232 years with the department, of which 35.2321 were creditable service years. The three years in the DROP plan do not count as creditable service, as the employee actually retires and draws his retirement benefits which are paid into a savings account, and he continues to work, drawing his regular salary for up to three years.
The parties were married on November 16, 1973. On June 27, 1979, defendant filed a petition for separation. On July 10, 1979, a judgment of separation was entered terminating the community property regime between the parties. On September 19, 1979, plaintiff filed a petition for settlement of the parties’ community property. During the course of the proceedings, plaintiff propounded interrogatories to defendant regarding the existence of a retirement plan, profit sharing, or stock purchase plan. He answered, “the parties have no vested interest in any retirement plan.”
On December 14, 1979, a judgment was entered ordering that the community property be partitioned. The trial court at that time found that defendant had no retirement benefits which were community property. On January 16, 1980, the parties entered into an extrajudicial agreement partitioning the community property in kind. On January 29, 1980, on joint motion of the parties, the trial court signed a judgment dismissing the case with prejudice.
Is At the time of the termination of the community property regime in 1979, defendant had attained the rank of driver *1052 with the fee department. Thereafter, defendant moved up in rank-from captain to district chief to assistant chief to deputy chief. Deputy chief, of which the Shreveport Fire Department has only one, is the second highest rank, and the highest non-appointed rank, in the fire department.
In 2008, after defendant retired from the fire department, plaintiff filed a supplemental petition for partition of community property, alleging that defendant’s retirement benefits which accrued during the marriage had been omitted from the prior community property partition. She alleged that the parties were married for 2,050 days and she requested her proportionate share of defendant’s retirement benefits as well as. her share of his retirement benefits deposited during his participation in the DROP program.
Defendant filed exceptions of res judica-ta and no right and no cause of action. The trial court denied the exceptions. Defendant filed a motion for rehearing in the trial court, alleging the discovery of the prior extrajudicial community property settlement agreement. He claimed that the document contained language of transaction and compromise. While denying the exceptions of no cause and right of action, the trial court granted the exception of res judicata. In reasons for judgment, the trial court stated:
As the record reflects this matter was before the Court in 1979 on a partition suit and the judgment of the trial court in 1979 case [was] that the Court at that time found that Mr. McCoy had no retirement benefits that were accrued during the community. As a matter of fact, the Court in 1979 found that Mr. McCoy had no retirement benefits which were community | 4 property, and as a matter of fact, were not listed in the list of assets recognized as community property in the judgment. Subsequent to the judgment rendered in 1979 the parties entered into a voluntary transaction and compromise, entitled “Community Property Settlement” and in this community property settlement it indicates that there was a settlement of all claims that either party have or may have against the community of acquets and gains ‘formerly existing. The jurisprudence is clear that compromise and transaction has the authority of a thing adjudged and forms the basis of Res Judicata.
Plaintiff appealed the trial court decision granting the exception of res judicata. See Delaney v. McCoy, 46,103 (La.App.2d Cir.04/13/11), 63 So.3d 327. In that opinion, this court noted that the trial court mentioned the record of the prior proceedings in granting the exception of res judi-cata, but the record of the prior lawsuit, the judgment, and the extrajudicial community property settlement were not introduced into evidence. This court denied defendant’s motion to supplement the record with the absent documents because they were not introduced into evidence in the trial court. This court reversed the trial court judgment and remanded for further proceedings.
On remand, a hearing was held and all pertinent suit records regarding the partition were filed into evidence along with the extrajudicial community property settlement. The trial court again granted the exception of res judicata and denied the exceptions of no right and no cause of action. The trial court incorporated the reasons for judgment given for the prior judgment. Plaintiff again appealed. This court reversed and remanded. See Delaney v. McCoy, 47,240 (La.App.2d Cir.06/20/12), 93 So.3d 845.
|fiOn remand, the trial court found that plaintiff was entitled to her pro rata share (5.614 years of a total 35.1232 years of *1053 creditable retirement service) of defendant’s retirement benefits, but that her marital portion would be reduced and determined based on the salary defendant earned as a driver for the Shreveport Fire Department as opposed to his final position as deputy chief. The trial court’s holding was based upon its determination that defendant’s post-community effort and achievement caused a substantial increase in the subject retirement benefits. Plaintiff has appealed, urging two assignments of error.

Discussion

The general rules provided by law for partitioning community property are applicable to dividing a community pension right. Hare v. Hodgins, supra. In Sims v. Sims, 358 So.2d 919 (La.1978), the supreme court held that a party has an interest in a former spouse’s pension funds or rights when they become actually payable to or for the former spouse, in the proportion that they are attributable to the former spouse’s employment during the community. The community interest in an unmatured retirement plan is expressed as a fraction (the “fixed percentage”) of which the numerator represents the number of years of creditable service that accrued during the existence of the community and the denominator represents the total years of creditable service. The community fraction is multiplied by one-half to determine the nonemployee spouse’s share of the retirement benefits. Sims, supra.
|fiIn Hare, supra, the supreme court recognized that the rule set forth in Sims would not always be equitable in the instance of a substantial post-community increase to a retirement fund that was due to a singular personal factor such as individual effort, education or achievement which resulted in a merit raise or an extraordinary promotion or series of promotions. Thus, the Hare decision established a three-part test for the partitioning court to apply in determining whether a substantial post-community increase is due purely to personal merit. First, the increment must represent a fairly substantial increase in the employee spouse’s post-community earnings. Second, the increment must not be due to non-personal factors, such as cost of living raises, etc. Third, the increment must be attributable to the employee spouse’s meritorious individual efforts or achievements. Hare, supra; Welker v. Welker, 41,945 (La.App.2d Cir.03/07/07), 954 So.2d 225. The employee spouse has the burden of production of the evidence and persuasion; cases of doubt should be resolved in favor of the community and against the employee spouse’s separate estate or subsequent marital community. Hare, supra; Bullock v. Owens, 35,078 (La.App.2d Cir.09/26/01), 796 So.2d 170.
Plaintiff argues that the trial court erred in finding that defendant presented evidence sufficient to prove a substantial post-community increase, and whether that increase was caused by merit raises or an extraordinary promotion or series of promotions. Plaintiff contends that each promotion defendant received was ultimately based upon seniority and not based upon any proven individual effort, education, or achievement.
|7As it pertains to defendant’s burden of proving that his post-community earnings constituted a substantial increase, the testimony of Perry McDaniel, former district chief with the Shreveport Fire Department and seven-year member of the civil service board, established that with each promotion a fireman is moved into a new pay grade. The record establishes that defendant reached the rank of deputy chief. There is only one deputy chief; this position is the second highest rank in the department and the highest non-appointed *1054 rank. During the 38 years that defendant was with the fire department, testimony reveals that approximately eight people attained the rank of deputy chief. Defendant went from the second lowest pay grade to the highest non-appointed pay grade. Clearly, defendant met his burden of proving a substantial post-community increase in earnings.
The testimony of defendant and five fellow firemen, all with at least 30 years with the department, exhibited that to promote from a certified driver to captain one has to apply to take a promotional test, study for that test and, once promoted, go through a one-year working test period with monthly evaluations. After that, a fireman would become certified in that rank. Of those certified, the one senior in years gets the promotion. The same holds true for each promotion thereafter — captain to district chief to assistant chief to deputy chief — except that the promotional test for each subsequent level is cumulative in nature and grows increasingly more difficult. The testimony revealed that each promotional exam required extensive study and/or schooling to pass. Without this personal effort, all firemen testified, one could not achieve certification for the higher rank.
1 sWhile we are cognizant of the fact that seniority was certainly a factor in defendant’s promotions, the record reflects that other factors, such as passage of the promotional tests and successfully completing the one-year working test period, were also requirements to promote to a higher rank. The trial court determined these facts to be sufficient to trigger application of the Hare exception to apportion plaintiffs share of the retirement benefits.
In order to reverse a factual determination by the trier of fact, an appellate court must apply a two-part test: (1) the appellate court must find that a reasonable factual basis does not exist in the record for the finding; and (2) the appellate court must further ■ determine that the record establishes that the finding is clearly wrong or manifestly erroneous. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The manifest error standard of review applies to all factual findings, including a finding relating to the factual (as opposed to legal) sufficiency of evidence to warrant application of a legal theory or doctrine. Hall v. Folger Coffee Co., 03-1734 (La.04/14/08), 874 So.2d 90. This standard of review also applies to mixed questions of law and fact, such as the issue of whether the facts found by the trier of fact trigger application of a particular legal standard. Id.
Considering the aforementioned, we do not find the trial court’s application of the Hare exception to be manifestly erroneous.
Alternatively, plaintiff contends that the trial court erred when it determined that under the normal course of events, defendant’s highest |9income would have been that of driver employed with the fire department in 2004.
Our review of the record finds that there is no evidence presented as to when defendant took the captain’s promotional test. As previously stated, an aspiring captain must first take and pass the promotional test. This personal effort gets him placed on the promotion list. Promotions to higher ranks are based on seniority. If defendant exerted the personal effort of, among other things, studying and passing the captain’s promotional test during the existence of the community, his subsequent promotion, even though post-community, would have been the result of seniority.
Moreover, the trial court’s decision to allocate plaintiffs share of the retirement benefits at the pay grade of a driver with the Shreveport Fire Department at its *1055 2004 pay schedule also raises questions. Do all drivers make the stated pay, or is this the starting pay for a driver? Defendant was with the fire department over 38 years. He testified that every year with the department he received a two percent pay increase. Even more, the 2004 pay schedule states that “Employees in the above classifications begin the 2% longevity pay plan after three years of employment.” As such, we find that there is inadequate proof in the record to determine what defendant’s salary would have been, had he remained a driver at the time of his retirement, after 38 years with the fire department.[2]
| mConsidering that the burden of proof rests with defendant and that cases of doubt should be resolved in favor of the community and against the employee spouse’s separate estate, we find that the trial court’s decision to arbitrarily base plaintiffs benefits on the Shreveport Fire Department’s 2004 pay schedule was clearly wrong. Based on the record before us, we cannot make a determination as to whether the decision to classify defendant as a driver as opposed to a captain was clearly wrong. Therefore, we find it necessary to remand this matter to the trial court for a more thorough and accurate computation of the benefits to which plaintiff is entitled.
We also note that the trial court’s judgment failed to make a determination regarding plaintiffs entitlement to any other retirement benefits, in particular, defendant’s DROP proceeds. Survival benefits and DROP proceeds are subject to community property division to the extent they are attributable to the community. See Smith v. Smith, 36,910 (La.App.2d Cir.03/14/03), 839 So.2d 1255; See also, Bullock, supra. This is a determination to be made on remand.
We further note that the trial court included its judgment in its reasons for judgment. A “judgment” and “reasons for judgment” are two separate and distinct legal documents. La. C.C.P. art. 1918 provides:
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.
|1T Conclusion
For the foregoing reasons, we affirm that part of trial court’s judgment which found that defendant met his burden of proof as set forth in Hare, supra, with regard to any rank attained higher than captain. We reverse that part of the judgment which based plaintiffs benefits on the salary of a driver as set forth on a 2004 pay schedule. And lastly, we remand these proceedings to the trial court for further determination as to whether plaintiff is entitled to a portion of benefits based upon defendant’s salary as a driver or captain; for a more thorough computation as to what salary defendant would have attained at that rank considering his two percent longevity pay increase; and, for a determination of plaintiffs entitlement to any other retirement benefits. Costs of this appeal are assessed evenly among the parties.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

. This portion of the opinion comes primarily from the opinion in Delaney v. McCoy, 93 So.3d at 847-8.

. The record does contain some tax records and W2s from when defendant was a driver, but the quality of the copies makes it impossible for us to make an accurate calculation.