Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,608-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SUCCESSION OF BARBARA ANN CROW

* * * * *

Appealed from the
Thirty-Ninth Judicial District Court for the
Parish of Red River, Louisiana
Trial Court No. 4155

Honorable Luke D. Mitchell, Judge

* * * * *

| | |
|---|---|
| MIRAMON LAW, INC.<br>By: Patricia N. Miramon | Counsel for Appellant,<br>Chase Alan Crow |
| KELLY & TOWNSEND, LLC<br>By: William C. Townsend | Counsel for Appellee,<br>Tarkedria Hill |
| THOMAS LAW FIRM<br>By: Jeffrey H. Thomas | |

* * * * *

Before PITMAN, STONE, and STEPHENS, JJ.

PITMAN, C.J., dissents with written reasons.

**STEPHENS, J.**

This appeal arises from the 39th Judicial District, Parish of Red River, the Honorable Luke Mitchell, Judge, presiding.  Appellant, Chase Crow, challenges the district court's ruling granting partial possession to appellee, Tarkedria Hill, of the usufruct granted to her in decedent's will over her residence and some of her oil, gas, and mineral interests.  For the reasons expressed herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Decedent, Barbara Ann Crow, died testate on May 28, 2022.  At the time of her death, the decedent was domiciled in Red River Parish.  She had never married and had no children.  Prior to her death, the decedent executed a last will and testament on March 24, 2021.  In the will, Ms. Crow left Tarkedria Hill ("Ms. Hill") a lifetime usufruct over the entirety of her estate. The will provided in pertinent part:

> I further declare that this usufruct shall extend to and shall include any and all royalties, bonuses, lease payments or other like payments attributable to (1) any lignite production and/or lignite leases on any property and (2) any oil, gas or other mineral leases which are in existences at the time of my death.

Subject to Ms. Hill's usufruct, the decedent named her nephew, Chase Crow ("Mr. Crow"), as naked owner.  Ms. Hill was also named and appointed as independent administrator.

Following Ms. Crow's death, Ms. Hill filed a petition to probate the will and for qualification as independent administrator on July 1, 2022.  On July 12, 2022, the district court declared the decedent's last will and testament to be in proper notarial form and admitted the will to be probated. The court also appointed Ms. Hill as independent administrator, subject to her compliance with the requirements of the law.  Mr. Crow then filed a rule

for security and accounting, as well as to remove Ms. Hill as administrator, on August 1, 2022. In his rule, Mr. Crow requested that Ms. Hill be ordered to file a detailed descriptive list of all assets owned by Ms. Crow at the time of her death.

Ms. Hill filed a detailed descriptive list of the decedent's assets on November 17, 2022. On that same day, Ms. Hill also filed a petition for partial possession of the decedent's estate. In her petition, Ms. Hill requested that she be placed in possession of the usufruct of the residence and all movable property, contents, furniture and fixtures situated therein. Ms. Hill also petitioned the court to place her in partial possession of the following oil, gas, and mineral interests:

1. SWN Production Company, LLC, Owner No. 686939-1

2. Genesis Crude Oil L.P., Lease Number R 17723000, Lease Number R 18542900, Lease R 18653300

3. Jeems Bayou Production Corporation, Owner No. 6731

4. Fite Oil & Gas, Inc. under owner name "CrowB"

Ms. Hill included in her petition that Mr. Crow should be placed in partial possession of his naked ownership in these assets.

On November 30, 2022, the district court ordered Ms. Hill to post security in the form of a $300,000 bond on or before December 7, 2022. Ms. Hill filed her bond on December 6, 2022. Mr. Crow filed a rule against sureties and to have the security declared invalid on January 5, 2023. Mr. Crow then filed an opposition to placing Ms. Hill in partial possession of her rights as usufructuary to the residence and the enumerated oil, gas, and mineral interests. In his opposition, Mr. Crow argued that Ms. Hill could not force his acceptance of the succession, and that a judgment of possession

2

under La. C.C.P. art. 3372 would not be procedurally permissible due to Ms. Hill petitioning the court on behalf of Mr. Crow.

During a hearing held on January 25, 2023, the district court declared Ms. Hill's surety bond insufficient and ordered her to post sufficient security by January 30, 2023, or she would be removed as administratrix.[1] Also at the hearing, the district court heard arguments on Ms. Hill's petition for partial possession. Ms. Hill urged that the legislature never intended for all legatees to petition for possession, especially when reading La. C.C.P. art. 3061(C) which states in pertinent part, "[a] judgment sending one or more petitioners into possession under a testamentary usufruct or trust…" Furthermore, Ms. Hill suggested that La. C.C.P. art. 3031's language specifying "all legatees" to join in the petition contrasts with the language found in La. C.C.P. art. 3372, which simply states that "the legatees" may be sent into possession upon the filing of a petition for possession prior to the homologation of the final tableau of distribution.

In response to Ms. Hill's arguments, Mr. Crow urged that he could not be compelled to be placed in possession of his legacy under Ms. Hill's petition because he did not petition the court under La. C.C.P. art. 3372. He further argued that the district court could not place Ms. Hill in possession of her usufruct without also placing Mr. Crow in possession of his naked ownership. Mr. Crow concluded his argument by noting that the situation in the matter is not ripe for anybody to be placed in possession. At the

---

[1] The district court removed Ms. Hill as independent administratrix on March 23, 2023, for failing to post sufficient security.

conclusion of the arguments, the court declared that it would take the petition for partial possession under advisement.

On February 6, 2023, the district court granted in part and denied in part Ms. Hill's petition for partial possession. The court granted partial possession to Ms. Hill and recognized her as the usufructuary, placing her in possession of the residence as well as the oil, gas, and mineral leases. In its reasons for judgment, the district court identified two issues in this case: 1) whether Mr. Crow can be forced to be placed in possession of succession assets when he did not join in the petition for partial possession, and 2) whether Ms. Hill can be placed in partial possession of those assets bequeathed to her without consent of the other legatees.

In dealing with the first issue, the district court declared that it agreed with the First Circuit that the district court's placing of all legatees into possession, when not all legatees have joined in the petition for possession, does not follow the procedure set forth in La. C.C.P. art. 3372. *See*, *Matter of Succession of Naquin*, 18-0518 (La. App. 1 Cir. 11/5/18), 266 So. 3d 912. As a result, the court denied Ms. Hill's petition as it related to Mr. Crow. As to the second issue, the court stated it was unable to find jurisprudence directly on point but ultimately concluded that the following language in Article 3372 is vague and subject to interpretation: "…the legatees in a testate succession may be sent into possession of all or part of their respective legacies…" In its reasoning, the court compared this language with La. C.C.P. art. 3031.[2] The court suggested that a heavy burden is

---

[2] La. C.C.P. art. 3031 provides:

A. When a testament has been probated or given the effect of probate, and subject to the provisions of Article 3033, the court may send all of the legatees into possession of their respective legacies without an

4

placed on the legatees by requiring them all to agree before placing legatees in possession without an administration. The legislature's failure to require "all" legatees to concur and placing the requirement of a contradictory hearing upon the petitioner for partial possession led the district court to believe that the language in C.C.P. art. 3372 is less restrictive than that in C.C.P. art. 3031. The district court also pointed out that if a single legatee is not allowed to petition the court for partial possession, then that legatee may be prevented from ever receiving his or her respective legacy, whether by unresolved issues in the succession unrelated to the assets for which the legatee petitioned for partial possession or through acts of malice on the part of other legatees.

In this matter, the district court reiterated that Ms. Hill filed a detailed descriptive list to which Mr. Crow never objected. Furthermore, the court stated that Mr. Crow only argued he did not join in the filing of the petition for partial possession, and that he is undecided whether he will accept the succession, but did not argue or file a pleading disputing that Ms. Hill is entitled to the rights associated with the assets at issue. Because the succession is free of debt, the court stated it saw no reason why Ms. Hill should not be placed in partial possession of her rights as usufructuary. Therefore, the district court granted the petition for partial possession as it related to Ms. Hill's legacy.

administration of the succession, on the ex parte petition of all of the general and universal legatees, if each of them is either competent or is acting through a qualified legal representative, and each of them accepts the succession, and none of the creditors of the succession has demanded its administration.

B. In such cases, the surviving spouse in community of the testator may be recognized by the court as entitled to the possession of the community property, as provided in Article 3001.

5

Following the district court's ruling, Mr. Crow filed his notice of intent to seek supervisory review as well as a motion for stay and a motion for security pursuant to La. C.C. arts. 571 and 572. The district court granted Mr. Crow's request to stay the enforcement of the judgment of partial possession pending the resolution of the application for supervisory review. The court also ordered the amount of security to be determined upon lifting of the stay. On May 15, 2023, this Court granted Mr. Crow's writ application and remanded for perfection as an appeal because the judgment is a final and appealable judgment. Mr. Crow now appeals the judgment of the district court.

## DISCUSSION

In his sole assignment of error, Mr. Crow urges that the district court erred in granting Ms. Hill's petition for partial possession. To support this contention, Mr. Crow argues that the district court misapplied La. C.C.P. art. 3372 when it failed to recognize that both Mr. Crow and Ms. Hill as legatees must join in the petition for partial possession. Ms. Hill, however, suggests that Article 3372 clearly allows for the court to render a "partial" judgment of possession of a legatee's "respective legacy"; therefore, the district court's ruling should be affirmed.

In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Koertge v. State Farm Fire & Cas. Ins. Co.*, 52,503 (La. App. 2 Cir. 2/27/19), 266 So. 3d 441. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently, but rather in reversing a trial court's

6

factual conclusions, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Koertge*, *supra*. The manifest error standard of review also applies to mixed questions of law and fact. *Delaney v. McCoy*, 49,523 (La. App. 2 Cir. 11/19/14), 152 So. 3d 1049. Questions of law are reviewed *de novo* on appellate review. *Chmielewski v. Sowell*, 55,317 (La. App. 2 Cir. 11/15/23), 374 So. 3d 404.

La. C.C.P. art. 3372 provides:

At any time prior to the homologation of the final tableau of distribution, the legatees in a testate succession may be sent into possession of all or part of their respective legacies upon filing a petition for possession as provided in Articles 3031 through 3035, except that the proceeding shall be contradictory with the executor. Upon the filing of such a petition, the court shall order the executor to show cause why the legatees should not be sent into possession. If the legatees are sent into possession of a part of their respective legacies, the executor shall continue to administer the remainder.

A district court shall render and sign immediately a judgment of possession, if it finds from an examination of the petition for possession, and from the record of the proceeding, that the petitioners are entitled to the relief prayed for. La. C.C.P. art. 3061(A). A judgment of possession shall be rendered and signed as provided in Article 3061. The judgment shall be rendered and signed only after a hearing contradictory with the succession representative, unless he joins in the petition, in which event the judgment shall be rendered and signed immediately. La. C.C.P. art. 3381.

In *Naquin*, the First Circuit reversed the district court's ruling which placed both legatees into possession when one legatee petitioned for possession. *Matter of Succession of Naquin*, *supra*. The decedent died

7

testate and, in his will, named his two children as the sole universal legatees and the independent co-executors of the entire estate. 18-0518, p. 2, 266 So. 3d at 913. After the children filed to probate the will, the daughter petitioned for possession and claimed that no debts encumbered the estate and no further administration was necessary. 18-0518, p. 4, *supra* at 914-15. The son opposed the petition for possession and claimed he did not consent to the filing of the petition. *Id*. at 914. The district court placed the siblings into possession of undivided, equal shares of the estate and terminated the succession. *Id*. The judgment also stated the children waived their rights to demand a final accounting. *Id*. On appeal, the son argued that the district court erred in ordering an administered succession to possession at a contradictory hearing before homologation of a final tableau of distribution on the petition for possession of only one of the two legatees. *Id*.

In *Matter of Succession of Naquin*, the First Circuit concluded that, since one legatee – the daughter – petitioned for possession on behalf of both the legatees, the district court improperly placed the son in possession. 18-0518, p. 5, 266 So. 3d at 915-16. The court stated, "The district court's placing all of the legatees into possession, when all legatees have not joined in the petition for possession, does not follow the procedure set forth in La. C.C.P. art. 3372." *Id*. Because of the disagreement over the petition of possession, the discharge of administration, the final accounting, and the handling of unpaid debts, if any, the First Circuit concluded that the district court prematurely placed the legatees into possession and reversed the ruling, remanding the matter for further proceedings. 18-0518, p. 6, *supra* at 916.

However, the Fourth Circuit determined that Louisiana statutory law establishes that the trial court has the authority to place legatees in possession of succession property upon the filing of a petition for possession, after a contradictory hearing, and when a judgment of possession is signed. *Succession of Fanz*, 19-0503, (La. App. 4 Cir. 1/29/20), 364 So. 3d 119, *writ denied*, 20-00738 (La. 9/23/20), 301 So. 3d 1154. In *Fanz*, the district court determined that the decedent's testament established the Charles B. Fanz Trust, and the Trust was designed to operate the Fanz business. 19-0503, p. 12, 364 So. 3d at 127. Two of the legatees petitioned the court and requested that the Trust be placed into possession of the Fanz business, along with all business banking accounts and business assets. *Supra* at p. 2, *supra* at 122. The other legatees opposed the petition, but the district court placed the petitioning legatees into possession of the Fanz business. *Supra* at p. 4, *supra* at 123.

The Fourth Circuit upheld the district court's decision in placing the legatees into possession of the business and its assets so that management and business decisions could be made in accordance with the decedent's testament. *Supra* at p. 12, *supra* at 127. In its reasoning, the Fourth Circuit stated that the petitioning legatees filed the petition for partial possession, and a contradictory hearing was held in which the trial court had the opportunity to review the petition, hear testimony, and review the evidence submitted by the parties. *Id.* As such, the court determined that the district court did not err in granting the judgment which placed the legatees in partial possession of the Fanz business, despite the other legatees' opposition. *Id.*

9

In the instant case, this Court first notes that Ms. Crow's succession has been opened and under administration for nearly two years, since July 2022, and the record reflects that the succession is free of any debt. Mr. Crow's claims that several oil, mineral, or gas leases or that the detailed descriptive list in the record is incomplete is immaterial to the issue before this Court. The issue we must address is whether the district court properly placed Ms. Hill in partial possession of the usufruct over the decedent's home and enumerated mineral, gas, and oil leases.

Unlike the district court in *Naquin*, which placed both legatees in possession of their respective legacies after one legatee petitioned the court on behalf of both legatees, the district court in this case only placed Ms. Hill in partial possession of the usufruct (although Ms. Hill also requested that Mr. Crow be placed in possession of his naked ownership). In its reasons for judgment, the district court addressed this issue, finding that Mr. Crow should not be compelled to take possession of his legacy when he did not join in the petition for possession. Furthermore, the district court followed the Fourth Circuit's approach in *Fanz* by placing Ms. Hill in partial possession of her usufruct even though, as in *Fanz*, other legatees opposed the petition for possession. The *Fanz* court opined that the testator's intent was to have the business placed in possession of the legatees so that management of the business could continue. Similarly, Ms. Crow's testament clearly reveals her intent was that Ms. Hill have the usufruct over Ms. Crow's estate. Nothing in the record or in the arguments made by the parties shows why Ms. Crow's intentions should not be carried out at this point in the administration of her estate. The Louisiana Civil Code is clear

10

that the intent of the testator controls and is not to be disregarded if the language of the testament is clear. La. C.C. art. 1611(A).

Despite Mr. Crow's claims that all legatees must join in the petition for possession under La. C.C.P. art. 3372, we agree with the district court when it said that if a single legatee is not allowed to petition the court for partial possession then that legatee may be prevented from ever receiving his or her respective legacy. We believe the legislature attempted to address this concern in its revision of La. C.C.P. art. 3362, which concerns petitioning for possession prior to the homologation of the final tableau of distribution in intestate successions. Comment (a) of Article 3372 states: "This article applies to a situation analogous to that covered by Art. 3362, supra." However, the procedure outlined in Article 3372 for testate succession is not analogous to the post-1986 version of Article 3362. 10 Kathryn Venturatos Lorio, Louisiana Civil Law Treatise, Successions and Donations, § 15:21 (2d ed. 2023); *see also* Robert Pascal, The Louisiana Succession Law Reforms of 1986 – A Friendly, Favorable Exegesis, 36 Loy. L. Rev. 917 (1991). Rather, it resembles Article 3362, prior to amendment, which allowed the "legatees," not a "majority of legatees," to petition for possession. *Id.*

La. C.C.P. art. 3362 now provides in pertinent part:

At any time prior to the homologation of the final tableau of distribution, a *majority of the heirs* of an intestate decedent whose succession is under administration may be sent into possession of all or part of the property of the succession upon their filing a petition for possession…

While no revisions have occurred to La. C.C.P. art. 3372, the amendments to the testate and intestate code provisions dealing with placing heirs and legatees into possession of succession property are instructive.

11

Our review of these provisions shows that the legislature is ensuring that succession debts are discharged before assets, which might be required to cover those debts, are delivered to the heirs or legatees, especially those successions which occur without administration. In this instance, the succession is still under administration, and the succession is free of any debt. Placing Ms. Hill in possession of her legacy has no effect on the continuing administration of the succession or the payment of succession debts, as there are none. Therefore, we find that the district court fulfilled Ms. Crow's intentions and did not err in placing Ms. Hill in partial possession of her usufruct.

## CONCLUSION

Given the reasons expressed herein, we affirm the ruling of the district court placing Ms. Hill in partial possession of her usufruct. Costs of this appeal are assessed to appellant, Mr. Crow.

**AFFIRMED.**

**PITMAN, C.J., dissents**.

I respectfully dissent.

I believe that the trial court erred in granting the appellee, Tarkedria Hill's, Petition for Possession of Decedent's Estate. When La. C.C.P. art. 3372 is read along with La. C.C.P. art. 3031, all legatees are required to join in the petition to be placed in partial possession of the estate. Appellant, Chase Crow, did not join in this petition and actually opposed Hill in her petition to place her in possession of the usufruct and Crow in possession of the naked ownership. The trial court correctly denied Hill's request to place Crow in possession of the naked ownership but incorrectly granted Hill's request to be placed in possession of the usufruct of the estate.

When reading art. 3372, it states that legatees are to be placed in possession of all or part of their legacies as provided in articles 3031 to 3035. Article 3031 requires that all legatees petition the court to be put into possession of their legacies. Following the reading of these statutes, I do not believe the trial court had the authority to place only one of the legatees in possession of their legacy, partial or otherwise. *See Matter of Succession of Naquin*, 18-0518 (La. App. 1 Cir. 11/5/18), 266 So. 3d 912.

For the reasons stated above, I believe the majority is incorrect, that the trial court should be reversed, and this case be remanded for further proceedings.